HORTON, administrator, v. SMITH, administrator.

1. A suit to recover damages for the breach of a contract can not be converted by amendment into a suit for the rescission of the contract and cancellation of a deed made thereunder, on the ground of non-performance by the defendant. Such an amendment would set up a new and distinct cause of action.

2. Where suit is brought for damages for the breach of a contract, and it appears that both the parties to such contract are dead, persons not parties to the litigation but interested in the result of the suit are competent to testify as to the non-performance of the contract. Such testimony does not relate to transactions or communications with a deceased person, within the meaning of the Civil Code, § 5269.

3. Grounds of a motion for a new trial not approved by the trial judge will not be considered.

4. Under the facts of this case there was no error in failing to charge that "When a deed remains in possession of the grantor after its execution, there is in law a presumption that the same was not delivered."

Submitted March 1,—Decided April 1, 1902.

Equitable petition.    Before Judge Evans.    Johnson superior court.    June 5, 1901.-

*T. W. Hardwick* and *V. B. Robinson*, for plaintiff, cited, as to amendment: Bouv. Law Dict., "cause of action;" 1 Am. & Eng. Enc. L. (2d ed.) 577; 5 Id. 776; 1 Enc. Pl. & Pr. 568, 574–5; 16 Ohio St. 413; Civil Code, §§ 4930, 4960, 4833 et seq.; 54 *Ga.* 59, 68; 69 *Ga.* 372; 73 *Ga.* 564; 89 *Ga.* 184.    As to testimony excluded:    105 *Ga.* 26, 29; 106 *Ga.* 515; 110 *Ga.* 820, 821; 111 *Ga.* 880; 113 *Ga.* 167.

*Faircloth & Blount*, for defendant, cited:    Civil Code, §§ 5099, 5269, par. 1; 87 *Ga.* 747; 68 *Ga.* 644; 1 Am. & Eng. Enc. L. 547; 110 *Ga.* 818.

SIMMONS, C. J.    In August, 1899, Joseph J. Horton brought suit against W. D. Smith, administrator of the estate of his son, John D. Horton, to recover damages for the violation of a contract which he alleged he had made with John D. Horton in the year 1891, and to cancel a certain deed.    He alleged that in 1891 he conveyed to his son two tracts of land, one of 200 acres and the other of 76 acres; that the consideration for the conveyance of the first tract was an undertaking and contract on the part of the son to support plaintiff and his wife during their lifetime; that the son had failed and refused during his life to comply with his contract, and the administrator, Smith, also refused to comply with it; that the deed to the 76 acres recited a valuable consideration, as well as love and affection, but the real consideration and the only one ever intended was that of love and affection; that this deed had never been delivered, although it had been recorded, the record being made at the plaintiff's instance for the purpose of preserving the deed, and that the support and maintenance of plaintiff and his wife would cost $250 per year, from the time the contract was made until the bringing of the suit.    Plaintiff asked for damages for the breach of the contract for support.    He also prayed that the deed to the 76 acres be declared null and of no effect and canceled as a cloud upon his title.    The defendant denied all of the material allegations of

the petition.    Pending the litigation J. J. Horton died, and his son,
F. T. Horton, was appointed administrator and made party plaintiff.
On the trial the plaintiff introduced much evidence tending to show
that John D. Horton had contracted to support and maintain the
plaintiff and his wife, as alleged in the petition, and that they had
not received the support and maintenance to which they were enti-
tled under this contract.    The defendant introduced a number of
witnesses to prove that he and his intestate had fully complied with
the contract.    The jury returned a verdict for the plaintiff for $200,
and found against the cancellation of the deed to the 76 acres.
The plaintiff, being dissatisfied with the amount of the verdict and
with the failure to set aside the deed to the smaller tract, moved
for a new trial.    This motion was overruled by the court, and the
movant excepted.

1.  The bill of exceptions shows that plaintiff offered an amend-
ment to the original petition, and that the court refused to allow
the amendment.    The plaintiff excepted pendente lite, and in his
bill of exceptions assigned error on his exceptions to this ruling.
The proffered amendment sought to strike out the plaintiff's claim
for damages in the petition and to substitute therefor a prayer for
the rescission, on the ground of the defendant's non-performance, of
the contract for the support and maintenance of J. J. Horton and
his wife, and prayed for the cancellation of the deed to the 200 acres
of land, which was the consideration of the contract.    We think
the court was right in refusing this amendment.    The original pe-
tition sought damages for the breach of a contract.    The gist of the
action was the breach of the contract and the recovery of damages
therefor.    To have allowed the amendment would have been to al-
low the introduction into the suit of a new and distinct cause of
action.    In the original petition the plaintiff relied upon the con-
tract, and in the amendment offered he sought to have the contract
set aside.

2.  From the motion for new trial it appears that the plaintiff of-
fered as witnesses Mrs. Forth and Herald Horton, daughter and
son of J. J. Horton, and sought to prove by them that John D. Hor-
ton in his life had failed and neglected to support his father and
mother according to his contract.    This testimony was excluded by
the trial judge, on the ground that these witnesses, being daughter
and son of J. J. Horton, were interested in the result of the suit

and were incompetent to testify to such transactions. This ruling is complained of as erroneous and hurtful to the plaintiff. The judge predicated his ruling upon the fourth exception to section 5269 of the Civil Code, which is as follows: "Where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify if as a party to the cause he would for any cause be incompetent." Under the first exception to the section, where a suit is defended by the personal representative of a deceased person, the opposite party is not competent to testify in his own favor against the deceased person, as to transactions or communications with such deceased person. The question then arises: Did the testimony offered relate to a transaction or communication between the witnesses and the intestate of the defendant? We think that it did not. The testimony offered was to an independent fact,—that the son had failed and neglected to support and maintain his father and mother. The ground of the motion for a new trial, in which it is stated what would have been the testimony of these two witnesses, does not indicate that they derived their knowledge from any communication from John D. Horton or from any transaction had with him. It seems to indicate, to the contrary, that the witnesses would have testified of their own knowledge that their father and mother were not supported and maintained by John D. Horton. It was argued that if John D. Horton were alive he would or could have testified to the contrary; but we think the testimony should not have been excluded for this reason. This record shows that other witnesses, not at all interested in the result of the suit, testified to similar facts; and we think no one would contend that their testimony should have been excluded because it might have been contradicted by John D. Horton had he been in life. If the transaction to which the witnesses offered to testify was not had between the witnesses and the deceased, then the witnesses were not incompetent under the code section relied upon, even if it be conceded that these matters were transactions at all. The act of 1900 (Acts 1900, p. 57) does not apply to the present case; for that act expressly declares that it shall not be applied to pending litigation, and this suit was commenced prior to the passage of the act.

3. The seventh and eighth grounds of the motion for a new trial complain of the rejection of the evidence of William Horton and

of the widow of J. J. Horton, which seems to have been rejected for similar reasons. We do not deal with these grounds, for the reason that they were not approved or certified by the trial judge. In his order he approves expressly the sixth, ninth, and tenth grounds of the amended motion, but omits to mention the seventh and eighth.

4. The sixth ground of the motion complains that the trial judge failed to charge that "When a deed remains in possession of the grantor after its execution, there is in law a presumption that the same was not delivered." There was no error in failing to give this in charge. We think that the presumption, arising from the mere fact that a deed remains, after signing and sealing, in the possession of the grantor, is a presumption of fact and not of law. Moreover the deed in this case was shown to have been recorded in the office of the clerk of the superior court, and a presumption of fact thereupon arose that there had been a delivery. Further, the judge charged fully and clearly upon the effect of a deed duly signed and sealed but not delivered, and there was no request to charge as indicated. There was no direct evidence that this deed was not delivered, while on the contrary the subscribing witnesses testified that they saw it executed and delivered to the grantee.

*Judgment reversed. All the Justices concurring, except Little and Lewis, JJ., absent.*