## COX *v.* GEORGIA RAILROAD & BANKING COMPANY *et al.*

The court did not err in rejecting the amendment tendered by the plaintiff, nor in dismissing the case.

FEBRUARY 27, 1913.

Action for damages. Before Judge Pendleton. Fulton superior court. November 22, 1911.

*Burton Smith,* for plaintiff. *McDaniel & Black,* for defendants.

HILL, J. Suit was brought against certain railroad companies, on a petition containing two counts. In the first it was alleged, that the plaintiff had been injured in a manner rendering the defendants liable; that they had entered into a written contract of settlement with him, by one of the terms of which the defendants were to give him permanent employment; and that they had failed to comply therewith. A copy of the paper claimed to be a written contract was set out in full, and judgment was prayed for its breach. By the second count, the same injury and the making of the same written contract were alleged. It was also alleged, that the agreement between the plaintiff and the defendants was that they were to furnish him permanent work as soon as he recovered his health and his wounds had healed; that "by mistake

of the scrivener, contract does not clearly make this appear;" that "the scrivener was furnished by the defendants," and "petitioner, not being learned in the law, relied upon the defendants and their scrivener to draw a contract carrying out the agreement made,—without fault on his part this was not done;" that he had recovered and was able to work, and a reasonable compensation therefor would be $60 to $75 per month; that he had been unable to obtain employment elsewhere; that he was able to work; and that there had been vacancies. He prayed a judgment for the damage which had already accrued to him; that the court "mold a judgment in his favor, against the defendants, requiring them to comply with said contract as reformed and give him employment," or, on default thereof, to pay him the cash value for failing to give him such employment. The defendants demurred to this petition, and, when their demurrer was overruled, brought the case to this court by bill of exceptions. The judgment was reversed, the court holding, as to the first count, that the paper which was sued upon as a written contract was not a written contract, but was merely an acknowledgment of the payment of a certain sum of money in settlement of a personal injury, subject to certain terms and conditions therein expressed, and was to be an accord on condition, or conditional release; and that the failure of the alleged tort-feasor to comply with the conditions set out did not render it liable ex contractu as for a breach of the conditions; but that non-compliance with the conditions would prevent the settlement from being pleaded as a full accord and satisfaction of the original liability. As to the second count, it was held that as this court had construed the writing to be a conditional release, and not a contract, it could not be reformed as a contract. When the remittitur was presented in the trial court an amendment was offered, which struck the entire first count, and sought to turn the second count into a suit upon a parol contract of settlement. This amendment was rejected, and the case dismissed. The plaintiff again brought the case to this court.

When the first count was stricken, there was no longer any attempt to sue upon the writing, as it stood, as being a contract. Nothing was left except an effort to reform the alleged written contract and obtain a judgment for its breach as reformed. The proposed amendment alleged that there was a parol contract of

COX v. GEORGIA RAILROAD CO. (139

settlement. It struck from the second count the writing, so as to leave no statement of what it was. It struck the statement that by mistake of the scrivener the contract did not clearly set out the agreement to furnish the plaintiff permanent employment; nevertheless it left unstricken the following words: "The scrivener was furnished by the defendants. Petitioner, not being learned in the law, relied upon the defendants and their scrivener to draw a contract carrying out the agreement made,—without fault on his part this was not.done." From the prayer asking that the court mold a judgment in his favor against the defendants, requiring them to comply with the contract "as reformed," the words "as reformed" were stricken, and the word "parol" inserted before the word "contract." Nevertheless there was left untouched a prayer that the court "reform said contract so that the same shall accord with the agreement made between him and the defendants," and also a prayer for general equitable relief. Had the amendment been allowed, the petition as amended would have contained no statement of what the writing was. It would have sought to recover on a parol contract of settlement, and yet it would have shown on its face that there was some kind of writing which was claimed to be a contract, because the statements that the scrivener was furnished by the defendants, that the plaintiff relied upon the defendants and their scrivener to draw a contract to carry out the agreement made, and that this was not done, coupled with the prayer that the contract be so reformed as to accord with the agreement made between the parties, and for other equitable relief, would be wholly inconsistent with a suit upon a parol contract alone. It may be gravely doubted whether a petition seeking to reform an alleged written contract, and to recover for a breach of it as reformed, could be changed by amendment so as to reject wholly the basis on which it was founded and insert in lieu of it a suit upon a parol contract. This would not seem to be amending so as to perfect the original purpose, but would rather seem to be a total destruction of the original action and a substitution of a wholly different sort of action in its place. Where a suit is brought upon a contract, an amendment may be allowed to correct errors in regard to allegations touching such contract. Sometimes, and for certain purposes, where suit has been brought upon an account, an amendment alleging a written contract showing the terms on

which the goods charged under the contract were sold has been allowed. There is authority for holding that where suit is brought upon an express contract, it may be amended by adding a count on an implied contract for the same services, or consideration on which the services were based. The privilege of amendment in Georgia is very broad. It is a resource against waste; but the amendment tendered in this case was not similar in character to any of the illustrations above given. It is quite clear that in the present case the amendment was not allowable; for, had it been allowed, it would have sought to recover upon a parol contract, and after having eliminated the paper which had been originally set out, so that the court could not know what it was, would still have left allegations and prayers equivalent to saying that there was a written contract. In other words, had the amendment been allowed, the suit in its ultimate form would have been upon a parol contract, with a statement, in substance, that there was a written contract covering the same subject-matter, and with this not set out so that the court could see what it was, or what was its effect.

*Judgment affirmed. All the Justices concur.*