### 8263, 8264. McKENZIE *v.* LOEW MANUFACTURING COMPANY *et al.;* and *vice versa.*

A bail-trover action can not be amended by adding new and distinct parties, nor by adding a new and distinct cause of action, nor by changing the prayer from one asking a judgment for the property sued for, with the rentals thereof, to one asking that it be decreed that a third person, not a defendant to the original suit, "has no right, title, interest, or lien in and to the property in dispute, that the plaintiff is the true owner thereof, and that he holds it free from any claim or pretended claims of said [third person], and is entitled to the possession thereof, and that the plaintiff do have judgment accordingly for said property."

DECIDED SEPTEMBER 19, 1917.

Trover; from Fulton superior court—Judge Bell. April 22, 1916.

3

*Hewlett, Dennis & Whitman,* for plaintiff.

*Mayson & Johnson, Hendrix & Silverman, Tye, Peeples & Tye,* for defendants.

BLOODWORTH, J.   McKenzie brought a bail-trover action against Louisville & Nashville Railroad Company and its agent in Atlanta, G. I. Walker, alleging that defendants were in possession of one Loew Victor marine gas-engine, the property of petitioner, worth $850, of the rental value of $20 per month, and that petitioner had made demand upon said defendants for said property and they had "refused to deliver the same to him or to pay him the profits thereof." The prayer of the petition was for "judgment against the said defendants, and each of them, for said personal property, or in lieu thereof, for the value of the same with the rentals." Defendant Walker died, and by order his name was stricken from the case. Upon failure of the defendant to do so, the plaintiff gave bond and took possession of the property in controversy. The plaintiff then offered to amend his petition by alleging in part: "2.   That said property had been delivered to the Louisville & Nashville Railroad Company by the Loew Manufacturing Company, a corporation of Cleveland, Ohio, at Cleveland, Ohio, to be transported by the Louisville & Nashville Railroad Company to Atlanta, Georgia, and, at the instance and request of the said Loew Manufacturing Company, the defendant company had issued its bill of lading therefor, consigning said property to the Loew Manufacturing Company, Atlanta, Georgia, order notify the plaintiff in this case, to wit:   M. C. McKenzie; and at the date of filing this suit said property had been transported by said Louisville & Nashville Railroad Company to Atlanta, Georgia, and was held by it ready for delivery, and the plaintiff had paid said railroad company all of its charges held by said carrier against said property for its transportation, and otherwise.   3.   Plaintiff was unable to deliver to said carrier the bill of lading by which and under which said property had been transported, because the same was held by the Loew Manufacturing Company under a pretended lien or claim of said Loew Manufacturing Company; but said property was the property of this plaintiff, and the said Loew Manufacturing Company had no lien and no charges thereon, and no right to the possession thereof, and had wrongfully and without any authority of law or right whatever caused said property

to be shipped to themselves as consignees, retaining the bill of
lading in their name, and thus making it appear that they were
either the owners of the property or had some equity or interest
therein or lien thereon—none of which they had." To this amend-
ment Loew Manufacturing Company filed a demurrer, and the
court sustained the following grounds thereof: "1. Said proceed-
ing is a statutory proceeding, to wit, an action by trover, and same
can not be changed into an equitable proceeding. 2. A trover
suit is an action in tort, and same can not be amended and con-
verted into an equitable proceeding either in part or in whole, nor
can an equitable cause of action be joined with a trover suit. . .
8. This question was not involved in an equitable proceeding, and
hence the amendment herein set up should not have been allowed.
9. The particular amendment was not germane to the original
cause of action. The original cause of action proceeded solely
upon the ground that the defendant had converted property. The
amendment undertook to charge that the shipper was improperly
claiming title, and hence the shipper should be made a party.
This was a different and a new cause of action and the court should
not have allowed same." The result of this ruling was the striking
of the amendment.

It will be noted that the original suit was a bail-trover action,
an action ex delicto, by M. C. McKenzie against the Louisville &
Nashville Railroad Company and G. I. Walker. "The gist of the
action of trover is a conversion of the plaintiff's property by the
defendant; that is to say, that the defendant wrongfully deprived
the plaintiff of possession." *Bell* v. *Ober,* 111 *Ga.* 672 (36 S. E.
905) ; *Kaufman* v. *Seaboard Air-Line Ry.,* 10 *Ga. App.* 248 (73
S. E. 592). The amendment sought to change the suit by adding
a new defendant, the Loew Manufacturing Company, and intro-
ducing a new cause of action as hereinafter set out. The prayer
of the amendment was: "Wherefore petitioner prays that the
Loew Manufacturing Company be made party defendant, and
that this court do find and adjudge and decree that the said Loew
Manufacturing Company has no right, title, interest, or lien in
and to the property in dispute, that the plaintiff is the true owner
thereof, and that he holds it free from any claim or pretended
claims of said Loew Manufacturing Company and is entitled to

the possession thereof, and that the plaintiff do have judgment accordingly for said property."

From the above it appears that the wrong complained of in the original petition was the conversion of the gas-engine by the Louisville & Nashville Railroad Company, while the wrong complained of in the amendment was that the Loew Manufacturing Company "wrongfully and without any authority of law or right whatever caused said property to be shipped to themselves as consignees, retaining the bill of lading in their name, and thus making it appear that they were either the owners of the property or had some equity or interest therein or lien thereon—none of which they had."

Not only is a new party and a new cause of action embraced in the amendment, but the plaintiff therein prays for a different and distinct judgment to that asked for in the original petition. It seems to us that the issues in this case are settled by § 5683 of the Civil Code (1910), which is as follows: "No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed unless expressly provided by law." In the case of *Long* v. *Bullard,* 59 *Ga.* 355, 357, Chief Justice Warner says: "Neither a declaration for a legal cause of action, nor a declaration for an equitable cause of action, can be amended by adding a new and distinct cause of action, or new and distinct parties. Equity is ancillary, not antagonistic, to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable. Code, § 3083. A plaintiff can no more amend his declaration for a legal cause of action by adding a new and distinct cause of action thereto, or new and distinct parties, under the pretext of an equitable proceeding, than he could amend his declaration for an equitable cause of action by adding a new and distinct cause of action, or new and distinct parties thereto, inasmuch as the law prohibits it in both cases." On adding new parties, see *Delaney* v. *Sheehan,* 138 *Ga.* 510, 513, 514 (75 S. E. 632); *Glaze* v. *Bogle,* 105 *Ga.* 298 (2) (31 S. E. 169); *Neal* v. *Robertson,* 18 *Ga.* 399; *Bass* v. *Bearden,* 6 *Ga. App.* 696 (65 S. E. 692). As to new causes of action see *Barrett* v. *Mason,* 143 *Ga.* 464 (85 S. E. 340); *Cox* v. *Georgia R. &c. Co.,* 139 *Ga.* 532 (77 S. E. 574); *Sharpe* v. *Columbus Iron Works Co.,* 136 *Ga.* 483 (71 S. E. 787); *City of Colum-*

*bus* v. *Anglin,* 120 *Ga.* 785 (5), 789, 792 (48 S. E. 318) ; *Roberts*
v. *Atlanta Real Estate Co.,* 118 *Ga.* 502 (45 S. E. 308) ; *Horton*
v. *Smith,* 115 *Ga.* 68 (41 S. E. 253) ; *Charleston & W. C. Ry. Co.*
v. *Miller,* 113 *Ga.* 15 (38 S. E. 338) ; *Baldwin* v. *Western Union*
*Tel. Co.,* 93 *Ga.* 695 (2) (21 S. E. 212, 44 Am. St. R. 194).

Judgment affirmed on main bill of exceptions; cross-bill of ex-
ceptions dismissed.  Broyles, P. J., and Jenkins, J., concur.