## MILLS *v.* BOYD LUMBER COMPANY *et al.*

1. After the Supreme Court has decided that the trial court erred in overruling a demurrer to a petition, it may be amended before the remittitur is entered upon the minutes of the trial court; but if the amendment offered fails to make a case which entitles the complainant

to relief, it is not error to reject it and to dismiss the action. *Thurmond* v. *Clark*, 47 *Ga.* 500; *Augusta Railway Co.* v. *Andrews*, 92 *Ga.* 706 (19 S. E. 713); *Seaboard Air-Line Railway* v. *Randolph*, 126 *Ga.* 238, 240 (55 S. E. 47).

2. The amendment offered in this case failed to make a case which would entitle the plaintiff to relief.

No. 579.  APRIL 11, 1918.

Equitable petition. Before Judge Thomas. Grady superior court. August 27, 1917.

*Custer & Crawford,* for plaintiff.  *T. S. Hawes,* for defendants.

GEORGE, J.  The judgment of the trial court overruling the demurrers filed by the defendants to the plaintiff's petition was reversed by the Supreme Court. See *Boyd Lumber Co.* v. *Mills,* 146 *Ga.* 794 (92 S. E. 534). The allegations of the petition as it then stood are fully set out in the report of that case. It was there decided that the deed executed in blank by the plaintiff and delivered to the defendants' agent, with parol authority to him to fill in the description, was void for lack of a subject-matter upon which the deed could operate, but that the deed could be ratified by a subsequent writing executed by the grantor, and that the effect of the indorsement on the deed was a full ratification of the prior deed. In the course of the opinion by Evans, P. J., it was said: "No explanation is given why the vendor did not discover the alleged mistake he now sets up when he was verifying the deed. No fraud or artifice appears to have been practiced upon him; the language of the deed is plain and unambiguous; the vendor had the deed before him, and must be presumed to have read it, as he undertook to correct the description of the property conveyed; the ratifying instrument is dated just two months after the deed which it purports to correct; and under these circumstances the failure of the vendor to call attention to the alleged mistake and act accordingly was gross negligence." Before the remittitur from the Supreme Court was entered upon the minutes of the trial court the plaintiff offered an amendment to his petition, alleging that the instrument acknowledging or ratifying the deed previously made by him was not in fact indorsed upon the deed, but was written upon a separate piece of paper "at the special instance and request of E. L. Lester, agent of L. A. Boyd," and that the original deed was not exhibited to him at the time he signed said instrument, and that the failure to exhibit the original deed to peti-

tioner "was in and of itself a fraud, the said E. L. Lester knowing at the time that he had the confidence of petitioner, and fearing that, if the original deed was exhibited to petitioner, petitioner would discover the fraudulent description that had been entered therein;" and "that said deed of correction was and is void and of no effect, because without consideration." There was no allegation to the effect that the plaintiff requested or demanded the production of the original deed, or that he made any inquiry about the property conveyed by the deed. So far as the amendment discloses, he was acting under no emergency whatever in the execution of the instrument; and if it would have been gross negligence in the plaintiff to have signed the instrument acknowledging or ratifying the deed previously made, had such acknowledgment been indorsed upon the back of the deed itself, no reason appears why he was not also grossly negligent in voluntarily signing the acknowledgment when presented to him upon a separate piece of paper, without the slightest effort upon his part to have the deed produced for his inspection. So far as appears, he relied upon nothing said to him at the time of the execution of the acknowledgment, but signed the same without question. The acknowledgment is supported by the consideration originally paid for the timber. The amendment, considered in the light of the allegations contained in the original petition, failed to make a case which would entitle the plaintiff to relief; and there was no error in rejecting the same and dismissing the action.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*