HAMILTON NATIONAL BANK *v.* ROBERTSON.

BELL, J.   1. "Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable." *Mackin* v. *Blalock,* 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220).

"The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. The question must be made and passed upon in the court below, by a motion for new trial." *Bacon* v. *Jones*, 117 *Ga.* 497 (2) (43 S. E. 689). See also *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321), and cit.

2. The present case was tried before a jury, and the verdict was in favor of the plaintiff. The defendant, without moving for a new trial, brought the case directly to this court by a bill of exceptions reciting that the court directed the verdict in favor of the plaintiff, but assigning error on such direction üpon the following grounds only: (1) that the verdict is contrary to law; (2) that it is contrary to the evidence; and (3) that for certain reasons stated "a verdict for the defendant was demanded." *Held*, that none of the assignments of error "raise the point that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury, [and] therefore no such question is presented for decision." *Gilliard* v. *Johnston*, 161 *Ga.* 17 (129 S. E. 434) ; *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103) ; *Morris* v. *First National Bank*, 174 *Ga.* 848 (2) (164 S. E. 200).

3. Since the bill of exceptions is in effect a mere attempt to review the verdict upon what are commonly known as the general grounds, and since this can not be done except by a motion for a new trial, the writ of error is fatally defective as presenting no question which can be determined by this court, and on motion must be dismissed. *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (2) (146 S. E. 473) ; *Durden* v. *Harper*, 174 *Ga.* 570 (163 S. E. 192).

*Writ of error dismissed. All the Justices concur.*

No. 9446.   OCTOBER 11, 1933.

*Rosser & Shaw* and *Maddox, Matthews & Owens,* for plaintiff in error.   *W. E. Mann* and *T. G. Head,* contra.