30547. LANE *v.* GASSOWAY, administratrix.

DECIDED NOVEMBER 10, 1944.

*John J. McCreary,* for plaintiff.
*John R. L. Smith, E. F. Taylor,* for defendant.

BROYLES, C. J. The defendant in error has filed in this court a motion to dismiss the writ of error on the ground that it contains no sufficient assignment of error. The bill of exceptions recites that "appellant filed, prior to assignment of the case for jury trial, a motion praying that the court render judgment on the pleadings, and a rule nisi was granted and served. The question was argued by counsel before Judge Jones on February 3, 1944, but the court refused to enter any judgment thereon and in effect overruled said motion, to which appellant then and there excepted, here and now excepts, assigns the same as error, and says that the same was contrary to law." That recital contains the first assignment of error in the bill of exceptions. The bill of exceptions does not set forth the pleadings in the case, but merely "specifies as material to a clear understanding of the errors complained of" fifty-five papers which are denominated in the bill of exceptions as "pleadings." The refusal of the court to enter judgment on the pleadings is excepted to solely upon the ground that it "was contrary to law." The assignment of error fails to say what kind of a judgment should have been rendered on the fifty-five pleadings, or any of them, or wherein the refusal of the court to enter judgment thereon was "contrary to law." We think that the assignment of error was insufficiently specific to present any question for the determination of this court. "The Supreme Court or the Court of Appeals shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions." Code, § 6-1607. "A bill of exceptions shall specify plainly the decision complained of and the alleged error." § 6-901.

The only other assignment of error in the bill of exceptions reads: "At the conclusion of the trial, the court sustained appellee's motion for a directed verdict in her favor, verdict was rendered and judgment entered thereon, to all of which appellant then and there excepted, now and here excepts, assigns the same as error, and says that the same was contrary to law, contrary to evidence, and contrary to the principles of justice and equity." Was this assignment of error specific enough to present any question for the consideration of this court? In *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (146 S. E. 473), where a verdict was directed by the judge, and a direct bill of exceptions to such direction and to the verdict of the jury as directed was sued out, the first two head-

notes read: "1. Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable. 2. Where there is no motion for a new trial, and the exception is that the direction of the verdict is contrary to law, contrary to the evidence, and contrary to the principles of justice and equity, there is no point presented which can be considered by this court." In that case, the evidence was set forth in the bill of exceptions. In *Shippen Hardwood Co.* v. *Johnson,* 168 *Ga.* 112 (147 S. E. 115), the first headnote reads: "An exception to a direction of a verdict on the ground that this ruling was contrary to law does not present the point that there were issues of fact that should have been submitted to a jury. Where no motion for new trial was made, no question of the sufficiency of the evidence to support the verdict can be considered on review." And in the opinion (p. 115) the court said: "In the bill of exceptions error is assigned upon the court's direction of a verdict in favor of the defendant, upon the ground that such ruling was contrary to law and contrary to the evidence and without evidence to support it. These exceptions do not raise the point that under the pleadings and the evidence there were issues of fact which should have been submitted to the jury, and that the verdict was not demanded by the evidence." To the same effect see *Head* v. *North American Life Ins. Co.,* 172 *Ga.* 766 (2) (158 S. E. 746); *Hamilton Nat. Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. E. 293).

In the instant case the second assignment of error is in effect an effort to review the verdict upon what are known as the general grounds of a motion for new trial, and since this can not be done except by a motion for a new trial, the bill of exceptions "is fatally defective as presenting no question which can be determined by this court, and on motion must be dismissed." See *Beall* v. *Mineral Tone Co.,* and *Hamilton Nat. Bank* v. *Robertson,* supra.

*Writ of error dismissed. MacIntyre and Gardner, JJ., concur.*