WILD *v.* KRENKE *et al.*

No. 16773.   OCTOBER 12, 1949.

J. R. *Goldthwaite Jr.*, and *Poole, Pearce & Hall*, for plaintiff in error.

*G. S. Peck, Hudson & LeCraw, Mildred Kingloff*, and *Spalding, Sibley, Troutman & Kelley*, contra.

DUCKWORTH, Chief Justice.    (After stating the foregoing facts.)    ■ Since the equitable relief sought in the original petition was rescission and cancellation of the purchase contract and partnership agreement, the amendment, alleging rescission and cancellation of these contracts by mutual agreement, would eliminate all equity; and thus deprive the Supreme Court of jurisdiction of the writ of error if the amendment had been allowed without objection. But the defendant's demurrer assails the amendment, and the judgment overruling that demurrer is brought under review by this bill of exceptions.  A decision here sustaining the demurrer would have the effect of restoring the case to its original nature, which was one seeking relief in equity.

Therefore, it must be held that the Supreme Court has jurisdiction of the writ of error. *Harrell* v. *Parker*, 186 *Ga.* 760 (198 S. E. 776); *Shoup* v. *Elliott*, 192 *Ga.* 213 (14 S. E. 2d, 736).

A clear statement of the status after the general demurrer to the petition was sustained eliminates considerable irrelevant matters that are argued in the briefs. That judgment, having been acquiesced in, is the law of the case. Under it, all of the averments of fraud and misrepresentation are insufficient to authorize rescission and cancellation as there sought. It reduces the case to the one simple question of whether or not the amendment alleges fraud which will authorize the rescission and cancellation prayed for. On this point the amendment merely alleges that the petitoner requested the defendant Wild to show him the books. The defendant replied that the books were not available, but that they would corroborate his statement; and he threatened to sell the business to someone else; and the petitioner bought immediately without inspecting the books for fear that another would buy unless the petitioner bought at once. It is apparent that these averments show no more than that the petitioner was so anxious to buy that he voluntarily elected to take the risk as to what the books would show, instead of waiting to inspect the books for himself. It has often been said by this court that equity just simply will not excuse negligence and grant relief from injury which is the result of such negligence. We repeat that statement in order to emphasize the firmness and inflexibility of the rule. The amendment in this respect makes no material change in the deficiency which resulted in dismissing the petition on demurrer. Since the amendment thus fails to correct the defect, which caused the dismissal of the petition, that judgment has become final.

If it be contended that, although failing in this respect, the amendment alleges a good cause of action in that it shows rescission by mutual agreement, and prays for judgment for the amount paid on the purchase-price, the reply is that in thus seeking recovery on a basis of a new agreement, a new cause of action is alleged. This cannot be done. *Cox* v. *Georgia Railroad & Banking Co.*, 139 *Ga.* 532 (77 S. E. 574); *Harrell* v. *Parker*, supra; Code, § 81-1303.

A further insuperable legal obstacle in the way of allowing

the amendment is that it contains allegations that are in sharp contradiction to allegations of the petition which are not stricken. As illustrative of this point, the petitioner alleges repeated demands for rescission, tender of restitution, and rejection by the defendant Wild—whereas the amendment alleges that the petitioner and the defendant Wild mutually agreed to rescind, restitution by the petitioner, and estoppel of the defendant Wild to deny the rescission. Upon which of these conflicting allegations does the petitioner seek recovery? If the petitioner is unable to make a choice between the conflicting allegations, as to which he will stand upon, then obviously he has no right to expect the court to make that choice for him.

From what has been said, it follows that the amendment is fatally defective and subject to the grounds of the demurrer, as it did not cure the deficiency in the original petition which caused its dismissal. Consequently, the court erred in overruling the demurrer and in failing to dismiss the petition as amended. However, this decision does not constitute res judicata on the question of whether or not, in a proper suit, the petitioner is entitled to recover what he has paid on the purchase-price. *Judgment reversed. All the Justices concur.*