18842. BAKER *et al. v.* DECATUR LUMBER & SUPPLY CO.

SUBMITTED FEBRUARY 15, 1955—DECIDED MARCH 15, 1955.

*Carl T. Hudgins, Walter E. Baker, Jr.,* for plaintiffs in error.
*Wm. E. Zachary, Zachary & Hunter,* contra.

HEAD, Justice. ■ The answer of the defendant having been served on counsel for the plaintiff on June 17, 1952, and the case not having proceeded to trial until April 28, 1953, the plaintiff had notice for more than ten months that the defendant was relying upon the provision of the deed with reference to it securing "any other present or future indebtedness or liability." The validity of this provision of the deed was at issue in the first trial of the cause, and the plaintiff could not reserve any question as to its

validity for an extension of the litigation in the event his first action was not sustained.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. See also *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (90 S. E. 58); *United States* v. *Hatcher,* 185 *Ga.* 816, 821 (196 S. E. 773); *Manry* v. *Stephens,* 190 *Ga.* 305 (9 S. E. 2d 58); *Lankford* v. *Milhollin,* 201 *Ga.* 594, 595 (3) (40 S. E. 2d 376); *Lankford* v. *Holton,* 204 *Ga.* 192 (53 S. E. 2d 679).

In *Perry* v. *McLendon,* 62 *Ga.* 598, 604, it was said in part: "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon."

In *Wilson* v. *Missouri State Life Ins. Co.,* 184 *Ga.* 184, 185 (190 S. E. 552), it was said: "A plaintiff will not be permitted to trifle with a court of equity by reserving a part of his grounds of complaint to be set out by amendment later in the event of his losing on the partial grounds first relied on. In other words, any cause of action that he had, any ground of complaint that he had, when he filed his suit at the outset, not embodied in such complaint, will be deemed to have been abandoned; otherwise there would be no end to litigation."

■ It has been held that a deed executed before the insertion of the description contained therein is void, but that this deficiency may be ratified in writing. *Boyd Lumber Co.* v. *Mills,* 146 *Ga.* 794 (92 S. E. 534, L. R. A. 1918A, 1154); *Mills* v. *Boyd Lumber Co.,* 148 *Ga.* 23 (95 S. E. 698); *Parnell* v. *Wooten,* 202 *Ga.* 443, 447 (43 S. E. 2d 673).

In the original trial, the plaintiff based his action on the theory that the deed to secure debt from his predecessor in title to the defendant was a valid instrument to secure a debt of $1,000 only. By the amendment, the plaintiff seeks to contradict his position on the former trial, and to now assert that the deed at the time

of its execution was void for lack of description, thus adding a new and distinct cause of action.

A new and distinct cause of action from that made in the original petition can not be added by amendment. Code § 81-1303; *Horton* v. *Smith*, 115 *Ga.* 66 (41 S. E. 253); *Cooper* v. *Oglethorpe Savings & Trust Co.*, 147 *Ga.* 570 (94 S. E. 1006); *Magid* v. *Byrd*, 164 *Ga.* 609, 610 (3) (139 S. E. 61); *Jones* v. *Robinson*, 172 *Ga.* 746 (3a) (158 S. E. 752); *Steadham* v. *Cobb*, 186 *Ga.* 30, 37 (196 S. E. 730); *Wild* v. *Krenke*, 206 *Ga.* 83 (55 S. E. 2d 544).

Applying the foregoing rules, the trial judge properly sustained the general demurrer to the amendment.

■ The assignment of error in the bill of exceptions that the verdict directed for the defendant was "contrary to law," presents nothing for review by this court. An assignment of error on a final judgment as being "contrary to law" is sufficient to sustain exceptions to previous rulings in so far as they may enter into and affect the final judgment. *Petty* v. *Bryant*, 188 *Ga.* 102 (2 S. E. 2d 910); *Cheatham* v. *Palmer*, 191 *Ga.* 617 (13 S. E. 2d 674). Such assignment of error, however, is ineffective to test the sufficiency of the evidence to support the verdict directed. The plaintiff did not file a motion for new trial, and there is no brief of the evidence in the record.

" 'Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable.' *Mackin* v. *Blalock*, 133 *Ga.* 550 (4) (66 S. E. 265, 134 Am. St. R. 220). 'The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. The question must be made and passed upon in the court below, by a motion for new trial.' *Bacon* v. *Jones*, 117 *Ga.* 497 (2) (43 S. E. 689)." *Hamilton National Bank* v. *Robertson*, 177 *Ga.* 734 (171 S. E. 293).

The assignment of error that the verdict directed "was contrary to law" does not attack the verdict as being erroneous because there were issues of fact that should have been submitted to the jury. *Hamilton National Bank* v. *Robertson*, supra; *Ford*

v. *Ford,* 203 *Ga.* 681 (47 S. E. 2d 865); *Farlow* v. *Brown,* 208 *Ga.* 646 (68 S. E. 2d 903).

Judgment affirmed. All the Justices concur.