18914. Kenny *v.* Hannah *et al.,* trustees, *et al.*

</div>

Head, Justice. On the former appearance of this case, the judgment of the trial court denying the plaintiffs' motion for new trial was reversed. See *Hannah* v. *Kenny,* 210 *Ga.* 824 (83 S. E. 2d 1), for a statement of the issues and the rulings made. In the present bill of exceptions it is stated that the cause came on regularly for trial, and that, after the introduction of evidence, the court directed a verdict for the plaintiffs. "To the said order directing a verdict in favor of the plaintiff . . . and making the same the judgment of the court the defendant, R. M. Kenny then and there excepted and now excepts and assigns as error said verdict and judgment as being contrary to law and says that said matter should have been submitted to the jury on the question of whether said platted street had been abandoned." *Held:*

1. "Where there is no motion for a new trial, and the exception is that the direction of the verdict is contrary to law, contrary to the evidence, and contrary to the principles of justice and equity, there is no point

presented which can be considered by this court." *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473).

2. Where a verdict by a jury is returned in a cause duly on trial (whether by direction or otherwise), and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for new trial is indispensable. *Beall* v. *Mineral Tone Co.*, supra; *Sheftall* v. *Johnson*, 171 *Ga.* 890 (157 S. E. 94); *Head* v. *North American Life Insurance Co.*, 172 *Ga.* 766 (158 S. E. 746); *Durden* v. *Harper*, 174 *Ga.* 570 (163 S. E. 192); *Hamilton National Bank* v. *Robertson*, 177 *Ga.* 734 (171 S. E. 293); *Fleming* v. *Collins*, 190 *Ga.* 210, 212 (9 S. E. 2d 157); *City of Macon* v. *Herrington*, 198 *Ga.* 576, 586 (32 S. E. 2d 517).

3. "Abandonment is a mixed question of law and fact." *Gaston* v. *Gainesville & Dahlonega Elec. Ry. Co.*, 120 *Ga.* 516 (48 S. E. 188). The bill of exceptions does not assert that, under the pleadings and the evidence, "there were issues of fact which should have been submitted to the jury." (*Beall* v. *Mineral Tone Co.*, supra.) The bill of exceptions, therefore, presents no question for review.

*Writ of error dismissed. All the Justices concur.*

Argued March 15, 1955—Decided April 11, 1955.

*E. T. Hendon, Jr.*, for plaintiff in error.

*J. H. Kennerly*, contra.