## 36374. SLATER *v.* BROWN.

CARLISLE, J. 1. "Where a verdict by a jury is returned in a cause duly on trial (whether by direction or otherwise), and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for new trial is indispensable [citing numerous cases]." *Kenny* v. *Hannah,* 211 *Ga.* 545 (2) (87 S. E. 2d 51); *Chandler* v. *Pennington,* 89 *Ga. App.* 676, 677 (80 S. E. 2d 843); *Baker* v. *Decatur Lumber &c. Co.,* 211 *Ga.* 510 (87 S. E. 2d 89).

2. A bill of exceptions which does not assert that under the pleadings and

884

evidence "there were issues of fact which should have been submitted to the jury," (*Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667, 671, 146 S. E. 473), and what those issues of fact are presents no question for review. *Kenny* v. *Hannah*, supra.

3. The only assignments of error contained in the present direct bill of exceptions are these: "(a) The motion and direction of the court was contrary to law; (b) Plaintiff in error says that said verdict was not authorized by the evidence because there were issues of fact to be passed upon by a jury, and that neither of the motions should have been entertained by the court (a motion for nonsuit was made but never passed upon by the trial court), nor the verdict directed, said verdict being a final verdict and determination of the case." Under an application of the foregoing principles of law, the bill of exceptions presents no question for decision by this court and the judgment of the trial court directing a verdict for the plaintiff must be affirmed. *Baker* v. *Decatur Lumber &c. Co.*, 211 *Ga.* 510, supra.

Judgment affirmed. Gardner, P. J., and Townsend, J., concur.

DECIDED JANUARY 18, 1957.

T. Ross Sharpe, Alvin L. Layne, for plaintiff in error.
M. W. Eason, J. T. Grice, contra.