## 37018. BEALE *v.* GRIMSLEY.

FELTON, Chief Judge. 1. The sufficiency of a caveat as against demurrer is determined by the same rules as are applied in testing the sufficiency of petitions and answers as against demurrers. *Stephens* v. *Hughey*, 174 *Ga.* 561 (1) (162 S. E. 915); *Scott* v. *Wimberly*, 185 *Ga.* 561 (1) (195 S. E. 865); *Shaw* v. *Fehn*, 196 *Ga.* 661 (27 S. E. 2d 406).

2. In the instant case the amended caveat to the return of the administratrix contained, among others, the ground that the

administratrix was not entitled to the commissions claimed in the return because she had not made the return within the time prescribed by law (Code § 113-2006); and while this ground may have been subject to special demurrer, it was good as against general demurrer. Since the amended caveat contained a ground which was meritorious, the amended caveat as a whole was good as against a motion to dismiss the entire amended caveat.

3. "Although the final judgment is excepted to on the general ground that it is contrary to law, yet, an examination of the record disclosing that antecedent rulings, duly excepted to in the bill of exceptions, entered into and affected the final judgment, the bill of exceptions is sufficient to present to this court for decision the antecedent rulings excepted to and the final judgment in so far as it is affected by such antecedent rulings." *Gaither v. Gaither*, 206 *Ga.* 808 (1) (58 S. E. 2d 834); *Carpenter v. State*, 194 *Ga.* 395 (3) (21 S. E. 2d 643). The order of the court set out in the bill of exceptions recites, "The caveat to the return of the administratrix having been stricken on motion of the appellee on this day, upon motion of appellee the appeal is hereby dismissed." Thus, it appears that the antecedent ruling controlled the final judgment, and since the antecedent ruling is properly excepted to and assigned as error and the final judgment is excepted to as being contrary to law and error is assigned thereon, there is a proper exception to and assignment of error on both rulings, and this court has jurisdiction. The motion to dismiss the writ of error is denied.

The court erred in sustaining the motion to dismiss the caveat as amended and in dismissing the amended caveat and in dismissing the appeal.

*Judgments reversed. Quillian and Nichols, JJ., concur.*

DECIDED MARCH 6, 1958.

*E. B. Shaw, P. C. King, Jr.*, for plaintiff in error.
*Stone & Stone*, contra.