## 38274. BEELAND *v.* ALSTON.

FRANKUM, Judge. 1. Where, as in the instant case, an assignment of error is to the trial court's direction of a verdict as being "contrary to law" without a further averment that there were questions of fact which should have been submitted to a jury, the assignment is insufficient to raise a question for determination before this court. *Hamilton Nat. Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. E. 293); *Chandler* v. *Pennington,* 89 *Ga. App.* 676 (80 S. E. 2d 843); *Jacoby* v. *Jacoby,* 96 *Ga. App.* 87 (99 S. E. 2d 473); *Slater* v. *Brown,* 94 *Ga. App.* 883 (96 S. E. 2d 518). But such assignment is sufficient to require a review of the judgment in so far as it re-

sulted from an antecedent ruling on which error is also assigned. *Thompson* v. *Dove,* 213 *Ga.* 819 (102 S. E. 2d 43); *Beale* v. *Grimsley,* 97 *Ga. App.* 291 (103 S. E. 2d 94).

2. It was not error for the trial court to strike the plaintiff in error's plea of estoppel when there was no allegation showing a concealment of facts which resulted in the party asserting the estoppel acting to his detriment. Code § 38-116; *Tinsley* v. *Rice,* 105 *Ga.* 285 (31 S. E. 174); *Swift & Co.* v. *Hall,* 94 *Ga. App.* 239 (94 S. E. 2d 145). The acts of a landlord leasing and accepting rent from a corporation for the same premises for which rent is sought against the plaintiff in error does not create an estoppel against the landlord to deny a release of the plaintiff in error as a tenant. The plaintiff in error was bound·to pay the rent by a contract. While such a plea may be a proper defense at law, it does not show the conduct led the plaintiff in error to act to his detriment. The plaintiff in error's original answer contained almost the verbatim allegations of his plea of estoppel and placed in issue whether or not the landlord had released the plaintiff in error as a tenant. Consequently, the striking of the plea as an amended answer would be harmless.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED MAY 3, 1960.

*Greer, Henning & Morris, Richard G. Greer,* for plaintiff in error.

*Alston, Sibley, Miller, Spann & Shackelford, Hewitt H. Covington,* contra.