22981. WHITLEY v. WHITLEY et al.

*Llop & Long, Nick Long, Jr., Joseph L. Llop, Luther M. Wyatt,* for plaintiff in error.

*Grant, Spears & Duckworth, Wm. G. Grant, Zachary & Hunter, Wm. E. Zachary,* contra.

ALMAND, Justice. This is the second appearance of this case in this court. In *Whitley v. Whitley,* 220 Ga. 471 (139 SE2d 381) it was held that the trial court erred in failing to sustain the general demurrers of the defendants, Grover M. Whitley et al. to the petition of the plaintiff, John E. Whitley, to cancel certain written instruments and for injunctive relief and damages. It was there held: "The petition, which showed that the petitioner had come into court with unclean hands, failed to allege facts authorizing cancellation of the contracts, and therefore did not set forth a cause of action for any of the relief sought." A summary of the allegations in the petition may be found in the report of that case in 220 Ga. 471, supra. In the opinion this court said: "As inducement for the father to sign such contracts, the sons fraudulently misrepresented to him that such signing was 'for the sole and exclusive purpose of saving . . . [the sons] great sums of money which would otherwise be due the Federal Government and the State Government upon the happening of the death of the . . . [father],' and that execution of the contracts would not change his relationship with the corporation. They represented to him that the signing would in no way deprive him of any control over the corporation, but that he would retain exclusive control over its policy, affairs, management and ownership." "His avowed purpose in executing the contract now complained of was to avoid estate taxes to the United States and this State, as provided by 26 U.S.C.A. § 2001 and Georgia Code Ann. § 92-3401. While these contracts upon their faces purported to transfer, for a valuable consideration, the petitioner's stock in the corporation, the allegations of

this petition show that no actual divestment was intended. As summarized above, the petition recites the sons' statements that the sole purpose of such contracts was the saving of taxes upon the father's death, the father's acceptance of that purpose when he signed the contracts, and the understanding of the parties that, notwithstanding such contracts, the father would retain control and ownership of the corporation." "Since all of the petitioner's prayers are predicated upon his right to cancellation of these contracts and the above ruling forecloses that relief, no cause of action is alleged for any of the relief sought." *Whitley v. Whitley,* 220 Ga. 471, 472, supra.

Before the remittitur from this court was made the judgment of the trial court, the plaintiff tendered an amendment to his petition, which was allowed subject to objection. The defendants filed general demurrers which were sustained and the amended petition was dismissed as to all defendants. Error is assigned on this order.

Paragraph 13 of the original petition read as follows: "Petitioner shows that immediately prior to the execution of the above referred to exhibits, the defendant, Grover M. Whitley and the defendant, William J. Whitley, individually and in concert with each other, promised the petitioner that notwithstanding any of the writings of said exhibits to the contrary, he, the petitioner, would remain in complete charge over the policy, affairs, control, management and ownership of the defendant company, and that if your petitioner would sign the exhibits above referred to, it would be done solely for the purpose of relieving the estate of the defendant, Grover M. Whitley and the defendant, William J. Whitley, from any undue obligation to the United States of America and to the State of Georgia, from the tax point of view." The amendment struck the words "control" and "ownership" and added the following: "and for the additional consideration of forty thousand ($40,000.00) dollars per year to be paid to the plaintiff, as set out in the agreements which are exhibits to the petition filed May 20, 1960."

Part of paragraph 15 of the original petition alleged: "the signing of said exhibits herein referred to was for the sole and exclusive purpose of saving the defendant, Grover M. Whitley and the defendant, William J. Whitley, great sums of money

which would otherwise be due the Federal Government and the State Government upon the happening of the death of the petitioner." This paragraph was amended by substituting the word "greater" for "great." There remained in this paragraph the following allegation: "Grover M. Whitley and William J. Whitley, individually and acting in concert with each other, further promised the petitioner at the time of the signing of said exhibits, herein referred to, that said signing by the petitioner would in no way deprive the petitioner of any control over defendant company, in that the plaintiff would be made chairman of the board and as such would have the authority, and in fact, retain exclusive control over the management and control of said defendant company as chairman of the board and the defendant, Grover M. Whitley and William J. Whitley, stated at said time that at the signing of said Exhibits 1, 2 and 3 that as far as the petitioner would be concerned he would never know that the exhibits were signed as far as any difference in his relationship with the defendant company and with the defendants."

Paragraph 35 of the petition was not amended. It reads as follows: "Plaintiff further shows that he has received and retained all of the monetary considerations flowing from the above and foregoing contracts up to the present time since the execution thereof. However, plaintiff shows that inasmuch as he was and is the owner of the shares of stock representing equity ownership in said defendant corporation, of which he was so wickedly, maliciously and intentionally defrauded by the defendants, acting in unison, individually and jointly, and in conspiracy with each other, he, the plaintiff, is entitled to retain said considerations."

1. Where the judgment of the trial court overruling general demurrers to a petition is reversed and on the return of the case to the trial court the amendment to the petition does not strengthen the cause of action but merely attempts to amplify the grounds of the suit, the effect of the judgment on the former writ of error is not avoided. *Mills v. Boyd Lumber Co.*, 148 Ga. 23 (95 SE 698); *Wilson v. Missouri State Life Ins. Co.*, 184 Ga. 184 (3) (190 SE 552); *Puritan Chemical Co. v. Crown Chemical Co.*, 214 Ga. 296 (104 SE2d 457).

The vice of the amended petition which was before the court

on its former appearance was that the petition showed on its face that "petitioner had come into court with unclean hands" in that "the sole purpose of such contracts was the saving of taxes upon the father's death, the father's acceptance of that purpose when he signed the contracts, and the understanding of the parties that, notwithstanding such contracts, the father would retain control and ownership of the corporation."

The amendment to the petition did not cleanse petitioner's hands. The petition, with the last amendment, shows that notwithstanding the express words of the contracts, petitioner would retain absolute control and ownership of the corporation, and that the sole purpose was the avoiding of the payment of taxes on the death of the petitioner.

It was not error to sustain the general demurrers of the separate defendants and dismiss the amended petition.

*Judgment affirmed. All the Justices concur.*