FINCH *v.* HAYES *et al.; et vice versa.*

1. A non-expert witness, under the Civil Code (1910), § 5835, is competent to testify as to his belief in the genuineness or falsity of the signature to a writing, who will swear that he knows or would recognize the handwriting of the person purporting to have signed. The sources of the witness's knowledge go to his credit and the weight of his evidence.
2. Evidence objected to as irrelevant was not open to that criticism. The evidence supports the verdict.

JULY 11, 1917.

Ejectment. Before Judge Worrill. Early superior court. July 31, 1916.

*L. M. Rambo,* for plaintiff in error in main bill of exceptions.
*Glessner & Collins,* contra.

EVANS, P. J. The action was in ejectment, on the several demises of Tobitha Reese and Elizabeth Hayes, against Martha Finch, to recover the south half of land lot 170 in the 26th district of Early county. A verdict was returned for the plaintiff, which the court refused to set aside on motion for a new trial.

1. A witness for the defendant, on cross-examination, was asked to identify certain letters and a receipt as having been signed by the defendant. The witness was a half-brother of the defendant, and testified that he was familiar with her handwriting, had seen her write, and knew her handwriting; and he identified the signature to the letters and receipt as that of the defendant. During the course of examination as to the genuineness of the signature to the letters, the witness produced a letter and said, "Here is one that I know was written by her. I could compare them and see." Whereupon the court remarked: "Never mind the comparison." On redirect examination the witness was asked if he did not testify that he knew the signature to the documents exhibited for identification by comparison with the letter he had in his pocket, and he replied that he "did to some extent;" that "it helped him some." On recross examination he positively swore that he had seen the defendant write and knew her handwriting, and that the signatures to the letters and receipt tendered to the witness were genuine. It is argued that this testimony was incompetent to prove the handwriting of the defendant. The rule in such cases is stated in the Civil Code (1910), § 5835, as follows: "Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness is compe-

tent to testify as to his belief, who will swear that he knows or would recognize the handwriting. The source of his knowledge is a question for investigation, and goes entirely to the credit and weight of his evidence." This testimony was competent. It is apparent that the witness was relying on his knowledge of his sister's handwriting from having seen her write, and his reference to the letter in his possession was more in the nature of an assurance that his first-hand knowledge of her handwriting was accurate, than a statement that he derived his knowledge solely from comparison. The sources of the witness's knowledge were for the jury in weighing his testimony. *Bessman* v. *Girardey*, 66 *Ga*. 18.

2. The plaintiff's lessors were the mother and sister of the defendant. The evidence was conflicting, but sufficient to uphold the verdict. The evidence objected to as irrelevant was not subject to that criticism.

*Judgment on the main bill of exceptions affirmed. Cross-bill dismissed. All the Justices concur.*