## CHAPMAN *v.* WALDEN.

No. 11373.   OCTOBER 14, 1936.   REHEARING DENIED DECEMBER 12, 1936.

*C. C. Crockett,* for plaintiff in error.

*Harry L. Taylor, A. L. Hatcher,* and *A. L. Hatcher Jr.,* contra.

RUSSELL, Chief Justice.   Walden, as a citizen and taxpayer of the City of Dublin, filed a petition in the nature of a quo warranto. He alleged that Chapman was then acting as mayor of the City of Dublin and exercising the functions of that office; that Chapman had been elected mayor in 1933 and served as such during the years 1934 and 1935; that Chapman offered himself as a candidate and received a majority of the votes cast in the election for the office of mayor, despite a provision in an act of the General Assembly of 1911 "That no one shall be eligible to fill the mayor's office of the City of Dublin any longer than one term at a time.   There must be at least one term intervening."   Without referring specifically to the demurrers filed, the court adjudged that Chapman was ineligible to hold the office, and ousted him therefrom, with a provision that the ouster should not be effective until an election was held to fill the vacancy which the court adjudged to exist.   The exception is to this judgment.   Learned counsel for plaintiff in error urges, as his reason for a reversal of the judgment of the lower court, the following:   "When a petitioner for quo warranto brings an action setting forth that the

respondent is holding the office of mayor of a certain city over and beyond the term to which he was legally elected and was at the time undertaking to hold a second term, that he is ineligible to hold a second term, for reasons stated, but the petitioner also shows that the respondent rightfully held the first term and is now his own successor in the office, which the petitioner alleges is unlawful, and that at the election for mayor no one else was elected as a successor, but the then mayor was elected as his own successor without opposition and by default, the petition thus showing on its face that no successor has been elected and qualified, and the general law of the State as well as the charter of the municipality provides that the mayor shall hold office until his successor is elected and qualified, the present mayor then is rightfully in office. The term he is now holding is in legal contemplation a part and extension of the first term. All of this being shown by the petition, the petition sets forth no cause of action, and should be dismissed on general demurrer."

We can not concur in the reasoning of counsel. In 1910 (Ga. L. 1910, p. 618) the General Assembly created a new charter for the City of Dublin. In 1911 (Ga. L. 1911, p. 1112) the General Assembly passed "an act to alter and amend the several laws of the new charter of Dublin, and confer additional power to install an electrical plant, to do an electrical-supply business, sell electrical supplies, wire buildings, to do sanitary plumbing; and for other purposes." In section 6 of this act it is declared that "All laws and parts of laws in conflict with the above act are hereby repealed." Section 3 declares "that no one shall be eligible to fill the mayor's office of the City of Dublin any longer than one term at a time. There must be at least one term intervening." There can be no question that the caption was broad enough to include the provision contained in section 3. "To alter and amend the several laws of the new charter of Dublin" is sufficient to put everybody interested in the City of Dublin on notice that any provision contained in what is called the new charter (the charter of 1910) could be altered, or even stricken out entirely. The provision of section 3 of the amendment became an integral part of the charter of Dublin from the time of its enactment until it may be repealed. So, in view of the provisions of section 3 of the above act of 1911, the plaintiff in error was ineligible to hold the

office of mayor of the City of Dublin in succession to a preceding term already held by him.

The plaintiff in error can not complain because the judge provided that the ouster should not take final effect as an actual ouster until after an election had been held. It is a fixed rule of this court that a plaintiff in error here must show not only error but also injury. If the court has erred, the error is harmless, because no injury has resulted.

Under the provisions of section 3 of the act of 1911, quoted above, the judge correctly held that the office was vacant, because there had been no term intervening between the term to which Mr. Chapman was legally elected and the term which he now claims by reason of an election. Whether there has been a custom subsequent to the passage of the amendment in 1911, which was promoted or acquiesced in by the people of the City of Dublin, of allowing several previous mayors to exercise the duties of that office, can not be heard in a court of law to support a violation of the law, when the attention of the court is called to the violation of a positive statute of the General Assembly, which has the right not only to amend municipal charters but even to withdraw the charter entirely. See *Georgia R. &c. Co.* v. *Walker*, 87 *Ga.* 204 (13 S. E. 511). The cases cited by counsel for plaintiff in error are not in point on the question involved in this case. We are of the opinion that the court did not err in its rulings, and in entering final judgment.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*