28416. CHILDERS *v.* SPEER *et al.*

DECIDED DECEMBER 5, 1940.

*Walker & Kilbride, H. C. Schroeder,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendants.

MACINTYRE, J.   Lee Childers, an employee of a tenant, brought an action against W. A. Speer and Mrs. Kate Speer, the landlords and coexecutors of the will of John Silvey, for damages resulting from alleged defective construction of the premises leased to the tenant.   The petition as amended alleged, among other things, that W. A. Speer as agent or executor erected on the premises in question a building to be used for warehouse purposes; that the defendants caused to be placed in said building an iron fire-door guide in the hallway of the first floor of said building, about two inches from the entrance to the stairs to the upper floors; that said guide was made of flat steel, and was "for the purpose of holding said fire-door against the wall of said opening; that said iron

guide was bolted to the floor of said hall, and was eight inches high and projected approximately four inches into said hallway from said fire-door, and was approximately the same color as the floor of said hallway;" that some time before the date of the injury sued for the defendants, acting as executors of the estate of John Silvey, did lease said building to the Home Owners Loan Corporation; "that at the time of signing said lease with said Home Owners Loan Corporation, the defendants knew that the premises would be used for an office building, and that approximately 500 people would be employed in said building, and that said people would walk up and down said stairway and would pass through said doorway leading to said hall; that said building was originally erected to be used as a warehouse for the business of John Silvey & Company, pursuant to item 5 of the will of John Silvey, and was not reasonably suited to be used as an office building, as defendants well knew." The plaintiff further alleged the manner in which she was injured by tripping over the iron guide while in the building as an employee of the tenant. The judge sustained a general demurrer to the petition and dismissed the action.

"The landlord, having fully parted with possession and right of possession, is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; but he is responsible to others for damages arising from defective construction or for damages from failure to keep the premises in repair." Code, § 61-112. The rule in Georgia as now fixed by statute is that the landlord, in the absence of an agreement to the contrary, "must keep the premises in repair." Code, § 61-111. If at the time of the rental the premises are out of repair, or in need of repair, it is the duty of the landlord to repair. "The word 'repair' contemplates an existing structure or thing which has become imperfect, and means to supply in the original existing structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be." Black's Law Dictionary, 1531. The building in question was constructed for a warehouse, and the petition does not show any defective construction of the warehouse. The mere fact that in constructing the warehouse building it had an iron fire-door guide in the hallway for the purpose of holding the fire-door against the wall as described in the petition, did not constitute a defective con-

struction of the warehouse building, and when the building was used as a warehouse it needed no repairs. There are no allegations of decay, injury, dilapidation, or partial destruction; and hence there was nothing to repair or restore to a sound or good state after decay, since the construction of the original building was not defective, and since it needed no repairs to restore it to the condition in which it originally existed, and "there is in this State, as at common law [our statute not having changed this rule], no implied covenant that the premises are suitable for the purpose for which they are leased, or for the particular use for which they are intended by the tenant." *Cox* v. *Walter M. Lowney Co.,* supra. There is however, "in the absence of a stipulation to the contrary, an implied covenant on the part of the landlord that the premises are in a proper condition of repair and that he will keep them in such condition during the tenancy." *Robinson* v. *Odom,* supra. It seems to us that the allegations of the petition went to the effect only that the building was not reasonably suited for the *use intended by the tenant,* and did not even go to the effect that the building, on account of the defective construction, was not reasonably suited for the purpose for which it was built, or that it was not suitable for the ordinary use for which it was constructed, in that it was defectively constructed. Be that as it may, the allegations certainly do not go to the effect that the landlord violated the rule laid down by this court in *Robinson* v. *Odom,* supra. In other words, under the allegations in the petition, the landlord was not guilty of defective construction of a building suitable for the ordinary use of it as a warehouse building, the purpose for which it was built. Nor, so far as the allegations go, did he allow its state, on account of decay or other injury to the building, to become one of disrepair which would have imposed on him the duty of repair as provided in Code, § 61-111. As a warehouse the building was not defectively constructed, and when the tenant in exclusive possession put it to another use, to wit, that of an office building, the landlord having constructed a non-defective building when used for the purpose for which it was constructed, and it not having subsequently become in a state of disrepair, he was not liable under the allegations of the petition to the tenant, or to one other than the tenant lawfully upon the premises, under the rule laid down by the Supreme Court

that "A landlord is not an insurer, but he is under a legal duty to keep the rented premises in repair, and is liable in damages to a person who receives injury while lawfully upon the premises and who is in the exercise of due care, if the injury arises because of the defective construction of a building erected on the premises by the landlord, or because of his failure to repair defects of which he knows or in the exercise of reasonable diligence ought to know." *Birdsey* v. *Greene,* 176 *Ga.* 688, 692 (168 S. E. 564).

The petition went only to the effect that the tenant rented and went into the exclusive possession of a warehouse building which the landlord knew the tenant intended to use as an office building. There was no agreement to refit or remodel the building. Where the construction was not originally defective when the warehouse building was used for the purpose for which it was built, and as such had never become in a state of disrepair on account of decay or injury, the petition did not show a violation by the landlord of any duty to the tenant or others resulting in damages arising from defective construction, or damages from failure to keep the building in repair. Hence the judge properly dismissed the action on general demurrer

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*