35216.  GAULDING *v.* COURTS *et al.*

DECIDED JULY 7, 1954—REHEARING DENIED JULY 21, 1954.

*C. O. Baker, Robert E. Gibson, John M. Gaulding, Jr.,* for plaintiff in error.

*James W. Arnold, Edwin Fortson,* contra.

TOWNSEND, J. 1. The single special ground of the motion for new trial assigns error upon the failure of the court to write out the possible verdicts in the case when requested by the jury so to do. Code § 110-103 provides as follows: "The judges of the superior courts shall, upon request of the jury, in the trial of all civil cases, furnish said jury with written instructions as to the form of their verdict." After the jury had deliberated, they returned and the foreman of the jury requested that the verdicts be written out. In response to questions by the court, the foreman stated that they had agreed on a verdict, and wanted the court to read the verdicts submitted; that the foreman would state which one it was and then the court would write it out, which was done. Since the foreman stated that the jury had already found "with the auditor", and the jury was polled as to the verdict reached, any error in failing to write out the verdict in favor of the defendant and "against the auditor" was harmless to movant, and would not be a ground of a motion for new trial, such as to authorize the reversal of the case, since error, to be harmful, must be accompanied by injury. *Chapman* v. *Walden,* 183 *Ga.* 395, 398 (188 S. E. 885).

2. As to the general grounds of the motion for new trial on the plea of non est factum, four witnesses testified that they were familiar with the defendant's signature, and that in their opinion

the signature was that of the defendant. One witness testified, as to the customer's agreement, that the defendant had himself returned it signed to the office, and had on subsequent occasions gone over it with the witness, was familiar with it, and had never denied that he executed it previously to the filing of this action. Other signatures were introduced for purposes of comparison. "A non-expert witness, under the Civil Code (1910) § 5835 [§ 38-708] is competent to testify as to his belief in the genuineness or falsity of the signature to a writing, who will swear that he knows or would recognize the handwriting of the person purporting to have signed. The sources of the witness's knowledge go to his credit and the weight of his evidence." *Finch* v. *Hayes,* 147 *Ga.* 147 (93 S. E. 89). The authenticity of the signature under this evidence became a jury question. The court did not err in overruling the motion for a new trial.

3. A special demurrer was interposed to the plaintiff's petition on the ground that no bill of particulars was thereto attached. The petition as amended set out the customer's agreement under which plaintiff acted as the defendant's broker, and substantially set forth the items with which the defendant is charged. It is also alleged that there is a credit due defendant which reduces the sum owing from $5,870 to $3,536.10. There was no demurrer to this allegation, and the special demurrer, the overruling of which is assigned as error, is solely on the ground that no bill of particulars is attached to the petition. Exception was also taken to the auditor's report finding as a matter of law in favor of the plaintiff, and to the entry of a judgment thereon by the trial court. The special demurrer, the overruling of which is assigned as error, and the rulings on the entry of the final judgment are considered together. Code § 81-105 provides in part: "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." The action here is based on a mutual account between the plaintiff firm and the defendant. The allegation in the petition stating the basis for the indebtedness of the defendant is sufficiently set forth. The allegations of the petition with reference to the credits, however, are not sufficiently shown. We think the better practice would be to

plead in a mutual account such as this not only the basis for the indebtedness of the defendant, but also the specified items of credit which would result in showing the indebtedness sued for. However, it seems to be well settled in this State that credits do not have to be pleaded with the same particularity as the items which constitute the cause of action on behalf of the plaintiff. In *Wagener* v. *Steele*, 117 *Ga.* 145 (43 S. E. 403) at page 148 it is held as follows: "It is said that the court ought to have sustained the special demurrer on the ground that the items of credit were not set forth with sufficient certainty and fullness. The items of indebtedness which are the basis of the suit must of course be set forth with sufficient certainty to put the defendant on notice of what he is to defend, that is, of what the basis of the plaintiff's claim against him consists; but we do not think that the items of credit, which simply show that the plaintiff admits an indebtedness on his part from time to time to the defendant, are required to be set forth with the same degree of certainty as is required where a judgment is prayed against another upon such items." We do not construe this decision as authority that the items of credit need never be shown with particularity. However, without deciding whether it is error here to have overruled the demurrer asking for a bill of particulars in view of the absence of specific pleading as to the credits, it does not appear that the defendant was harmed by reason of the ruling. As to the exception to the final judgment on the ground that the findings of the auditor striking the defendant's answer were erroneous, and that the judgment in favor of the plaintiff in the sum of $3,536.10 is therefore contrary to law and the principles of justice and equity, it is to be observed that it is nowhere contended that the final judgment is erroneous because the amount thereof was not proved. Since there is no exception on this ground, there is, of course, no brief of evidence before this court from which it can be determined how the amount was arrived at; but there is nothing in either of the exceptions made and discussed here which would indicate that the amount would be different had the ruling on special demurrer been different. Error to be reversible must be harmful. *Whitner* v. *Whitner*, 207 *Ga.* 97, 99 (60 S. E. 2d 464). The burden of showing not only error but harm resulting therefrom is upon the

477

movant. *First Nat. Bank* v. *American Sugar Refining Co.*, 120 *Ga.* 717 (48 S. E. 326); *Herrington* v. *Moore*, 45 *Ga. App.* 636 (165 S. E. 867). On the question of the exception to the final judgment, there is nothing to indicate how the auditor arrived at the amount thereof. He would have been authorized to have heard evidence as to the accounts and determined the amount even though the answer of the defendant had already been stricken. If he heard such evidence and arrived at an amount not authorized thereby, the proper action for the defendant would have been to interpose objections to this finding of fact on the part of the auditor. If he arrived at the amount without hearing evidence, the amount thereof should have been drawn into question on exceptions to the findings of law. Neither appears from the record.

Accordingly, the trial court did not err in overruling the exceptions to the auditor's report, both as to the overruling of the special demurrer and as to the amount found to be due the plaintiff firm. The trial court did not err in entering up judgment accordingly.

4. The exception to the auditor's finding of law as follows: "Pleadings filed by the defendant and regularly before the jury may be considered along with the evidence for any legitimate purpose" was properly overruled by the judge of the superior court. This is a correct statement of the law. *McBride* v. *Macon Telegraph Pub. Co.*, 102 *Ga.* 422, 426 (30 S. E. 999). Whether or not, as contended by the defendant, it would have been error for the auditor to use the signature of the defendant on pleadings filed in the case for purposes of comparison of handwriting without complying with the provisions of § 38-709 relating to submission of the signature to the opposite party in advance when it is desired to use the same for purposes of comparison of handwriting; nevertheless, in the first place, it does not appear that the auditor used the signatures on the pleadings for this purpose, and, in the second place, the issue was tried and determined de novo by a jury and any error therein would be immaterial.

5. Exceptions c, d, e, f, g and h to findings of law made by the auditor relate to alleged error in granting the plaintiffs' motion to dismiss the defendant's answer and cross-bill. This plea set up that on 6 occasions between April 18, 1951, and

August 2, 1951, the defendant received written notice by invoice that they had purchased contracts on his account, which contracts had been unauthorized by him, in that he had an agreement and understanding with H. G. Cooper, manager of the plaintiff's Athens office, and Charles Weirauch, plaintiff's agent in that office, that at no time was the defendant to have in his account more than 8 contracts of cotton; that on each of these 6 occasions except the last defendant went to the office of plaintiff's Athens agent and orally protested these trades, and was on each occasion assured by Weirauch that an error had been made and would be corrected immediately (which, however, was not done) and on the last occasion was notified by the plaintiff that his account had been closed out before he had an opportunity to protest. It is alleged "that the plaintiffs have continuously waived the requirement that protest of the execution of orders and monthly statements should be in writing by allowing this defendant and many other persons to object to and protest such notices orally, by telephone or in person. . . It is a general custom of the plaintiffs, in the course of their business, accepted by the defendant and other customers of the plaintiffs, to accept objections to the execution of orders and statements orally without insisting upon any written objection. . . [Cooper and Weirauch] as such employees have authority to accept orders for trades on any of the markets and exchanges of which the plaintiffs are members, to open accounts for new customers, to accept protests of mistakes in the execution of orders and make corrections of such mistakes. They have the authority to bind their principal, the plaintiffs, in the execution of the above-enumerated powers." It is also alleged that on one occasion in 1950 the defendant discovered from a written notice sent him by the plaintiffs that an error had been made in an order for rye futures; that he notified Cooper of the error and it was corrected, and this led defendant to believe that an oral protest would be good.

The contract, denominated the customer's agreement between the plaintiff and defendant, contained provisions as follows: "Except as herein otherwise expressly provided, no provision of this agreement shall in any respect be waived, altered, modified or amended unless such waiver, alteration, modification or

amendment be committed to writing and signed by a member of your firm"; "Reports of the execution of .orders and statements of the accounts of the undersigned shall be conclusive if not objected to in writing, the former within two days, and the latter within ten days, after forwarding by you to the undersigned by mail or otherwise"; "The undersigned undertakes, at any time upon your demand, to discharge obligations of the undersigned to you, or in the event of a closing of any account of the undersigned in whole or in part, to pay you the deficiency, if any, and no oral agreement or instructions to the contrary shall be recognized or enforceable."

It appears from the record that the plaintiff firm of Courts & Company is a partnership, the partners comprising the members of the firm, and that on the protested trades or contracts the defendant (a) failed to give written notice to anybody, and (b) failed to give any notice, written or oral, to any member of the firm. While it is alleged that the plaintiffs (the members of the partnership) have customarily accepted oral protests from the defendant and others, the specific allegations of the pleading show that the protests relied upon to show this custom were made, not to members of the firm, but to employees in the Athens office, and it is nowhere alleged that the plaintiffs had any knowledge of such acceptance of oral protests or ratified such course of conduct on the part of their Athens employees. The contract specifically forbids a protest to be made otherwise than in writing, and forbids a waiver of contract provisions otherwise than "in writing signed by a member of the firm." Such a condition would be an express waiver of the contract provisions requiring written notice that the customer protested a trade, and no such express waiver is shown here. An implied waiver might also result from a course of conduct between the plaintiff firm members and the defendant amounting to a novation (in which connection see Code § 20-116; *Ford* v. *Cunningham*, 174 *Ga.* 171 (2), 162 S. E. 387); but neither is an implied waiver of this nature alleged. The remaining question, then, is whether, where a written notice of protest is required under the terms of the contract, and where the contract also provides that none of its terms will be waived, except in writing signed by a member of the firm (thereby showing a lack of authority in any employee who

is not a member of the firm to waive any contract condition), the petition here shows facts upon which a waiver of the contract provision relating to written protest, made by an employee, may be predicated as against the plaintiff company. One accepting a contract limiting the authority of agents of the company is chargeable with notice of such limitation. *Rome Industrial Ins. Co.* v. *Eidson*, 138 *Ga.* 592 (1) (82 S. E. 641). An act done by an agent in excess of his authority does not bind the principal unless ratified by the latter. Code § 4-302. Where the defendant seeks to avoid the force of the contract provisions by showing a departure from such terms by agents of the plaintiffs who are unauthorized to waive the contract provisions, in order to make such course of conduct binding upon the plaintiffs it must be shown that such course of conduct was known to them and thus impliedly accepted by them. Knowledge of all the facts by the principal is essential to ratification. *Morgan* v. *Weil Company*, 31 *Ga. App.* 611 (3) (121 S. E. 703). A principal is not put on notice of the unauthorized act of an agent by the mere knowledge of the agent of the acts he himself has done in excess of his authority. *Newton* v. *Gulf Life Ins. Co.*, 55 *Ga. App.* 330 (5) (190 S. E. 69). The act of the plaintiffs' agents in the Athens office in accepting oral protests being clearly unauthorized in view of the contract, and it not being shown that the plaintiffs had knowledge of these or previous acts, no waiver of the provisions requiring written protest is shown as against the firm. The answer and cross-action of the defendant was dependent either upon the non-existence of the customer's agreement, or upon a course of conduct departing therefrom in such manner as to constitute a novation, and in this manner avoid the provisions thereof. The existence of the customer's agreement was determined by the jury on the exceptions of fact to the auditor's report on the plea of non est factum. No course of conduct such as would constitute a novation and thus avoid the provisions of the customer's agreement is alleged. Affirmative allegations appear in the answer and cross-action disclosing the failure of the defendant to protest the trades in the manner set forth in the contract. The motion to strike the answer and cross-action was in the nature of a general demurrer and was made within the required time. *Royal Ins. Company* v. *Oliver*, 50 *Ga. App.*

327 (2) (177 S. E. 922). Since the answer and cross-action set forth neither a defense to the action of the plaintiff, nor an action against the plaintiff, the auditor properly struck it on such motion, and the judgment of the superior court overruling the exceptions to the report of the auditor in this respect is without error. No assignment contained in the bill of exceptions shows such error as to require reversal of this case.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*