38394.   TRAVELERS INDEMNITY COMPANY v.
WILKES COUNTY.

DECIDED SEPTEMBER 12, 1960.

*Stephens, Fortson, Bentley & Griffin, Robert G. Stephens, Colley & Orr, William A. Orr,* for plaintiff in error.

*Walton Hardin,* contra.

FELTON, Chief Judge. ■ ■ The policy which is the subject of suit in this case provides that coverage "is extended to include direct loss by windstorm." In support of the general grounds of its motion for a new trial the defendant company argues that the evidence does not show a windstorm within the meaning of the policy. The term "windstorm" is not defined in the policy. In such case a common definition of the term is "a wind of sufficient violence to be capable of damaging the insured property, either by its own unaided action, or by projecting some object against it." See in this connection *McClelland v. Northwestern Fire &c. Ins. Co.,* 91 Ga. App. 640, 643 (86 S. E. 2d 729).

The evidence indicates that the roof of the Wilkes County courthouse was destroyed by fire on December 24, 1958, and a temporary roof for the protection of the interior of the building was constructed a few days thereafter at about the level of the balcony in the upstairs courtroom; that on January 4, 1959, during a wind described by witnesses as "blowing real hard" or "right hard" or words of similar effect, the west wall of the courthouse broke 4 feet above the temporary roof and suffered at least a partial collapse; that this wall was constructed of solid brick masonry 12 inches thick and had not been damaged by the fire; that the wind was of sufficient velocity to blow down limbs "about like your arm or something like that" within two blocks of the courthouse. Under these circumstances we cannot say that the verdict of the jury is unsupported by any evidence of windstorm. *Atlas Assurance Co., Ltd. v. Lies,* 70 Ga. App. 162, 165 (27 S. E. 2d 791).

It is further contended that the proximate cause of the damage in question was the weakening of the wall due to the effects of the recent roof fire. Assuming that the evidence does indicate that the portion of the wall above the temporary roof was not as strongly supported after the fire as before, there is no evidence sufficient to indicate as a matter of law any weakness sufficient to have caused its collapse in the absence of the wind, which the jury found to be the efficient cause of the damage sued for. "In

the absence of a specific provision in the policy to the contrary, it is generally sufficient, in order to recover upon a cyclone, tornado, or windstorm policy, to show that the cause designated therein was the efficient cause of the loss, although other causes contributed thereto." 29A Am. Jur. 445, Insurance, § 1329. The policy contains several specific exclusions applicable to windstorm but none of these serve to limit the liability under the facts of the present case.

■ It is also argued by the defendant that the evidence reveals that there is no liability under the terms of the policy excluding "buildings . . . in the process of construction unless entirely enclosed and under roof with all outside doors and windows permanently in place." When used in this sense the word "construction" imports the building or erection of something which theretofore did not exist; the creation of something new rather than the repair or improvement of something already existing. 16A C. J. S. 1234. The building operations which were taking place at the courthouse during the time in question were simply intended to restore it to its original condition and are therefore in the nature of repairs. "The word 'repair' contemplates an existing structure or thing which has become imperfect, and means to supply in the original existing structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be." *Childers v. Speer*, 63 Ga. App. 848, 850 (12 S. E. 2d 439). Accordingly, the policy exclusion is inapplicable to the building operations shown by the evidence.

■ Finally, in passing on the general grounds, we will consider the question whether the verdict for attorney's fees and penalty for bad faith is supported by the evidence. *Pace v. Pace*, 154 Ga. 712 (1) (115 S. E. 65). "It has been repeatedly held by the Supreme Court and this court that where in a suit on a contract of insurance the legal questions involved are sufficiently doubtful and important to justify the insurer in seeking an adjudication thereof by the courts, he can appeal to the courts without being penalized for so doing." *Security Ins. Co. v. Jackson*, 54 Ga. App. 131, 132 (187 S. E. 234). While we have held that the evidence of windstorm as the cause of the plaintiff's loss

is sufficient to create a question for the jury, it is not of such compelling weight and character as to show that the insurer acted in bad faith when it refused to pay the plaintiff's claim under the policy. This fact and the reasonable question of law regarding the construction of the policy exclusion are sufficient to justify the defendant in seeking a determination of its liability in the courts without being penalized for bad faith in so doing. The evidence does not support the verdict for the penalty for bad faith and attorney's fees. With this exception, the court did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 of the amended motion for a new trial has been abandoned. Special ground 2 complains that the court erred in failing to grant a mistrial on motion of the defendant on account of improper remarks to the jury by plaintiff's counsel, who stated in his final argument, "The defendant is a Connecticut insurance company and one of the richest insurance companies in the world." Upon objection by the defendant the following transpired: "The Court: Counsel is rebuked for making that statement which is outside the record, and the jury is instructed not to consider it in any way, shape, fashion or form. Mr. Hardin (plaintiff's counsel): Will you also let the record show, Your Honor, that it is admitted in the record that the defendant is a Connecticut insurance company? The Court: I think you have a right to state that it is a foreign insurance company from Connecticut. That part of it is all right." Fairly construed, the ruling of the court sustains defendant's objection to the comment that it was "one of the richest insurance companies in the world" but overrules the objection to the statement that it is a Connecticut insurance company.

Reference by counsel to the wealth of insurance companies who are party litigants has been uniformly held to be improper by the appellate courts considering the matter. Hartford Fire Ins. Co. v. Armstrong, 219 Ala. 208 (122 So. 23); Life & Cas. Ins. Co. v. Cain, 217 Ala. 301 (116 So. 154); Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212 (102 So. 130); National Surety Co. v. Morlan, 91 Colo. 164 (13 P. 2d 260). The remark of plaintiff's counsel in this case that the defendant was one of the

richest insurance companies in the world was grossly improper and comes within the purview of *Code* § 81-1009. In *City Council of Augusta v. Hamilton*, 56 Ga. App. 859, 861 (194 S. E. 244) plaintiff's counsel argued to the jury, in substance, that the City of Augusta was a rich municipal corporation, and besought the jury to render a verdict in favor of the plaintiff for his damages in an amount in keeping with the dignity and vast wealth of the City Council of Augusta. The trial court admonished the jury that the wealth of the city had no bearing on the case and was not an issue, but denied the defendant's motion for a mistrial. In affirming this judgment this court held that the unworthy remarks, taking into consideration their nature and character, were subject to correction and the cautionary instructions plus an implied rebuke of counsel was sufficient to justify the denial of the mistrial within the discretion of the court. In the present case we cannot say that the trial court abused its discretion by denying the motion for a mistrial after having rebuked the plaintiff's counsel for his improper remark and having instructed the jury not to consider it in any way, shape, fashion or form.

With reference to the comment of the plaintiff's counsel that the defendant was a Connecticut insurance company, and the court's comment that it was a foreign insurance company from Connecticut, this matter is totally irrelevant but we fail to see wherein it was prejudicial in this case. Everyone knows that an out-of-state insurance company is a foreign company. Under the facts presented here, the trial court did not abuse its discretion in denying the defendant's motion for a mistrial and this special ground is without merit.

■ Special ground 3 complains of the admission of a lengthy portion of the testimony of the insurance adjuster who investigated the damage over the objection that it was irrelevant and attempted to show negotiation, settlement and compromise of a doubtful claim. Certain portions of the testimony objected to were relevant and admissible on the issue of alleged bad faith. The overruling of the objection to the testimony as a whole was not error. *Brantley v. Heller*, 101 Ga. App. 16, 18 (112 S. E. 2d 685); *State Highway Dept. v. Jackson*, 100 Ga. App. 704(2) (112 S. E. 2d 356). There is no merit in this ground.

■ Special ground 4 avers that the court erred in its charge to the jury by omitting the defense that the building in the process of construction was not within the coverage of the policy. For the same reasons stated in division 1 of this opinion this ground is without merit.

■ The assignment of error in special ground 5 relating to instruction on the subject of penalty for bad faith and attorney's fees is rendered moot by our ruling on the general grounds.

■ If the plaintiff, when the remittitur from this court is made the judgment of the trial court, will write off from the verdict and judgment the amounts of $100.50 penalty for bad faith and $200 for attorney's fees, the judgment will be affirmed; otherwise, it is reversed.

*Judgment affirmed on condition. Nichols and Bell, JJ., concur.*