## 39025. STEPHENS v. COTTON STATES MUTUAL INSURANCE COMPANY *et al.*

DECIDED SEPTEMBER 25, 1961.

*James Maddox*, for plaintiff in error.

*Parker, Clary & Kent, Horace T. Clary, Slaton Clemmons*, contra.

CARLISLE, Presiding Judge. This case is a suit to recover an amount claimed to be due under the provisions of an extended coverage indorsement on a fire insurance policy issued by the defendant to the plaintiff on account of alleged wind and hail damage to the roofs of the plaintiff's chicken houses insured by the policy. The defendant contended that the loss was occasioned solely by the weight of snow and ice in the form of sleet which accumulated on the roofs causing their collapse. The extended coverage indorsement insured the property against "direct loss by windstorm, hail, explosion, riot, riot attending a strike, civil commotion, aircraft, vehicles, and smoke." The indorsement contained the following exclusion: "Provisions applicable only to windstorm and hail: This company shall not be liable for loss caused directly or indirectly by (a) frost or cold weather or (b) ice (other than hail), snowstorm, sleet, waves, tidal wave, high water or overflow, whether driven by wind or not."

On the trial of the case at the conclusion of all of the evidence, the trial judge granted the defendant's motion for a directed verdict and the exception here is to that judgment. The plaintiff testified that on the date of the loss, March 2, 1960, it began to sleet and snow about 7 o'clock in the morning; that it continued all day until approximately 11 or 11:30 at night, when the roofs on two of the insured chicken houses collapsed; that there was some wind, that it came in whirls, just like a whirlwind; that "It would blow like everything for a little bit and would kind of slack up and would come a whirl again, and done that off and

on all day and was at it that night"; that the wind was sufficiently strong to break a limb off a tree, which limb was approximately four inches in diameter and to blow it across his yard a distance of about 40 feet; that the limb weighed over 100 pounds; that limbs and tops were blown out of trees in the woods and twisted up as if a whirlwind had hit them.

It appears from the record in this case, and from the briefs and argument of counsel, that the trial judge directed the verdict for the defendant on the theory that the loss was occasioned solely by sleet and ice, which, under the terms of the policy quoted above, was excluded from coverage. In their argument before this court, counsel for the plaintiff in error rely chiefly upon the contention that there is no distinction between sleet and hail in that both are merely frozen water, and that since damage occasioned by hail was covered by the policy, and the damage was shown by the evidence to have been caused by ice on the roofs of the buildings, the jury could have found that the damage was, in reality, occasioned by hail. We think that this contention is not meritorious. The policy clearly makes a distinction between sleet and hail, and this distinction must be given effect by the courts unless against public policy. The expert witnesses in the case in their testimony drew a distinction between the two, and the evidence of both the plaintiff's and defendant's witnesses showed, without dispute, that whatever ice was involved was sleet and not hail.

However, the general assignment of error contained in the sole special ground of the motion for a new trial that the judge erred in directing a verdict for the defendant because, under the pleadings and evidence submitted, there were issues of fact which should have been submitted to the jury for its determination, is sufficient to raise the question of whether the record reveals *any* evidence which would have authorized a jury verdict for the plaintiff. As outlined above, the plaintiff testified that there was some wind on the date in question, and it is plain that he was contending not only that the loss was occasioned by hail, but that it was also contributed to by the wind. Whether or not the loss was caused directly by windstorm was a question which should have been submitted to the jury. *Atlas Assurance Co.,*

*Ltd. v. Lies,* 70 Ga. App. 162, 165 (27 SE2d 791). " 'In the absence of a specific provision in the policy to the contrary, it is generally sufficient, in order to recover upon a cyclone, tornado, or windstorm policy, to show that the cause designated therein was the efficient cause of the loss, although other causes contributed thereto.' 29A Am. Jur. 445, Insurance, § 1329." *Travelers Indem. Co. v. Wilkes County,* 102 Ga. App. 362, 363 (116 SE2d 314).

It is not necessary under the foregoing ruling that the testimony show that the wind which occasioned the loss was an unusual or extraordinarily violent wind. It is sufficient if the jury believe that whatever wind there was was the efficient cause of the loss and without which the loss would not have occurred even though other causes may have contributed thereto. In the instant case, while we do not think that the jury would have been authorized to find under the evidence that the loss sued for was occasioned by hail, the jury, nevertheless, would have been authorized to find under the testimony of the plaintiff quoted above and under like evidence of witnesses for the plaintiff that there was some wind which, combined with the ice and snow accumulated on the roofs of the buildings, caused their collapse. While this evidence may be said, in all candor, to have been weak and unconvincing, insofar as it tended to show that the loss was caused by windstorm, the weight and credit to be given it was solely for the jury under proper instructions from the court. It follows that the trial judge erred in directing a verdict for the defendant.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*