39484.  COTTON STATES MUTUAL INSURANCE
COMPANY v. STEPHENS et al.

DECIDED JUNE 13, 1962.

*Parker, Clary & Kent, Horace T. Clary,* for plaintiff in error.
*James Maddox, Slaton Clemmons,* contra.

FELTON, Chief Judge.  ■  A statement of the facts in this case may be found in *Stephens v. Cotton States Mut. Ins. Co.,* 104 Ga. App. 431 (121 SE2d 838), in which this court reversed the judgment of the trial court in directing a verdict for the insurer, defendant below.  The policy's exclusion clause, exempting the insurer from liability for "loss caused directly or indirectly by (a) frost or cold weather or (b) ice (other than hail), snowstorm, sleet, . . . whether driven by wind or not," was held, in effect, to be of no effect by this court, which stated that "[I]t is sufficient if the jury believe that whatever wind there was was the efficient cause of the loss and without which the loss would not have occurred even though other causes may have contributed thereto." *Stephens* case, supra, at p. 433. Whether this construction of the policy was correct or not, the evidence in the second trial of the case being substantially the same as that in the first trial, the former ruling is the law of the case by which we are bound.  Therefore the jury's verdict for the plaintiff below was authorized, there being some evidence to support it under the prior ruling.  The general grounds of the

■

plaintiff in error's motion for a new trial are therefore without merit.

■ The first special ground of the motion for a new trial complains of the refusal of the court to charge the jury as to the meaning of "windstorm" under Georgia law. The requested charge was contained in a special concurrence in *McClelland v. Northwestern Fire &c. Ins. Co.*, 91 Ga. App. 640, 643 (86 SE2d 729). Although the requested charge may have been a correct statement of the law generally, the ruling in the former appearance of this case is the law of the case, to wit: that "[it] is not necessary . . . that the testimony show that the wind which occasioned the loss was an unusual or extraordinarily violent wind." Therefore it was not error to refuse to charge the requested instructions, which were contrary to the law of the case.

■ The second and third special grounds complain of the court's refusal, on opposing counsel's objection, to allow counsel for the plaintiff in error to make an "opening statement" at the conclusion of the defendant in error's evidence. Before the evidence had been presented the plaintiff and the defendant below had read their petition and answer respectively to the jury. The accepted rule in this State seems to be that "if the defendant's lawyer desires, he may make a similar statement immediately after the plaintiff's statement is made, or he may wait until the plaintiff closes his testimony, and just before the defendant begins his testimony." Leverett, Hall, Christopher, Davis & Shulman, "Georgia Procedure & Practice" § 17-1, p. 375. Where, as here, the defendant is allowed an equal opportunity with the plaintiff to make an opening statement and he chooses to utilize his allotted time by merely reading his answer to the petition, which, in fact, is a statement of what he expects to prove in the case, he cannot later complain that he was not permitted a second opportunity to elaborate on the statement he had already been allowed to make, supplying omitted matter which he could have included in his first statement. This being a matter within the discretion of the trial judge, it will not be controlled unless abused. Since the court allowed the defendant to make a statement before the plaintiff's evidence was

presented, the defendant was not deprived of any rights by the court's refusal to permit him an additional statement.

The court did not err in its judgment overruling the motion for a new trial.

*Judgment affirmed. Bell and Hall, JJ., concur.*