### 40358. GRIER v. DONNER.

HALL, Judge. In this action brought by the lessor for breach of a lease contract, the jury returned a verdict for the plaintiff. The defendant assigns error on the overruling of her motion for new trial on the general and special grounds, and on antecedent rulings of the trial court overruling a special demurrer to the petition and disallowing an amendment to her answer. *Held:*

The lease provided that the lessor, "without terminating the lease, upon Lessee's breaching the contract, may at Lessor's option enter upon and rent premises at the best price obtainable by reasonable effort . . . [and] Lessee shall be liable to Lessor for the deficiency, if any between Lessee's rent hereunder and the price obtained by Lessor on reletting." There was evidence that the defendant lessee defaulted in the payment of the $300 monthly rental, and that the plaintiff

lessor thereafter re-leased the premises for the remainder of the term for $200 a month. By way of defense the defendant contended that the plaintiff's agent stated to her that he would accept payment of the rental due August 1, on August 26, but on August 22 he sued out a distress warrant for the August rent and caused the marshal to levy on the personal property within and to padlock the premises; and that by these acts he canceled the lease and relieved her of liability for future rent, and was estopped from prosecuting this case. The prosecution of the uncontested distress warrant for the rent due did not prevent the lessor from asserting his right to recover rent under the terms of the contract. Fulcher v. West, (Texas) 51 SW 342; 52 CJS 371, § 556; 519, § 676; accord *Ayers v. Claridy,* 149 Ga. 498, 500 (101 SE 292). The defendant contends that she relied to her detriment on the plaintiff's agreement to accept late payment. However, there was no evidence that the plaintiff's conduct led the defendant to act to her detriment. Therefore, from the facts proved no estoppel arose. *Beeland v. Alston,* 101 Ga. App. 584 (114 SE2d 545).

For these reasons, the trial court did not err in disallowing the defendant's amendment, offered during the trial, alleging conduct by the plaintiff contended to create an estoppel. Nor was it error to overrule the general grounds of the motion for new trial.

None of the six special grounds of the motion for new trial shows prejudicial error.

The overruling of the defendant's special demurrer was not error, it not appearing that this ruling prejudiced the defendant in preparing her defense.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

DECIDED OCTOBER 3, 1963—
REHEARING DENIED OCTOBER 24, 1963.

*Jack Broyles, Murray C. Underwood,* for plaintiff in error.
*Fine & Rolader, D. W. Rolader, A. J. Block, Jr.,* contra.

ON MOTION FOR REHEARING.

HALL, Judge. The plaintiff sued for the difference, for the remainder of the term of the defendant's lease, between the rental

provided by the defendant's lease and that provided by the re-lease. The defendant contends that the plaintiff was not entitled to recover from her any amounts for future rentals, but was limited to recovery of loss as rentals became payable from month to month. This question need not be decided. Even if we assume that the defendant's position is correct, she has shown no prejudice because the verdict could not have included anything for prospective damages. It was less in amount than the difference accrued up to the date of the verdict, between the monthly rental provided by the defendant's lease and the lower monthly rental for which the plaintiff re-leased the premises.

*Rehearing denied. Bell, P. J., and Pannell, J., concur.*