## 40612. OLD COLONY INSURANCE COMPANY
## v. DRESSEL et al.

DECIDED MARCH 13, 1964—REHEARING DENIED MARCH 31, 1964.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* for plaintiff in error.

*R. William Barton, George L. Dawson,* contra.

HALL, Judge. ■ In response to the defendant's special demurrer the trial court might properly have required the plaintiff to plead more facts accompanying the horse's death, but even if the failure to do so was error, it does not appear from the record and argument in this case that the defendant was handicapped in preparing its defense or otherwise prejudiced by the overruling

of the demurrer. The evidence showed that the plaintiff contacted the defendant's agent promptly after the horse was killed, and thereafter the defendant's agent called on the plaintiff at his house and had a talk with him, and the insurer refused payment, as recalled by the plaintiff, within a month. The plaintiff in error has the burden to show not only error, but that the error was prejudicial. *First Nat. Bank v. American Sugar Refining Co.*, 120 Ga. 717 (48 SE 326); *Gaulding v. Courts*, 90 Ga. App. 472, 476 (83 SE2d 288); *Carpenter v. Forshee*, 103 Ga. App. 758, 770 (120 SE2d 786); *Lam Amusement Co. v. Waddell*, 105 Ga. App. 1, 4 (123 SE2d 310); *Grier v. Donner*, 108 Ga. App. 546, 547 (134 SE2d 46); *Studdard v. Evans*, 108 Ga. App. 819, 825 (135 SE2d 60).

Today our pleading rules are implemented by deposition and pre-trial discovery procedures to aid in the preparation for trial and reduce the possibility of surprise. *Reynolds v. Reynolds*, 217 Ga. 234, 246-247 (123 SE2d 115). *Code Ann.* § 38-2101 is far more effective than a special demurrer in assisting a defendant in the preparation of his defense for the reason that the deponent must disclose not only relevant evidence but that which ". . . appears reasonably calculated to lead to the discovery of admissible evidence." *Setzers Super Stores v. Higgins*, 104 Ga. App. 116, 120 (121 SE2d 305). If the defendant, prior to the trial, obtained by these discovery procedures or other means the information sought by the special demurrer, the overruling of the special demurrer would be harmless error. *Glover v. Maddox*, 98 Ga. App. 548 (2) (106 SE2d 288); *Aycock v. Williams*, 185 Ga. 585, 589 (196 SE 54). This case was tried upon the merits and, nothing appearing in the record to show that the defendant did not actually obtain the information sought by the special demurrer before trial, it cannot be said as a matter of law that the defendant was prejudiced in preparing its defense, thus the overruling of the special demurrer was not reversible error. *Whitner v. Whitner*, 207 Ga. 97, 99 (60 SE2d 464); *Jacobs v. Rittenbaum*, 193 Ga. 838 (4) (20 SE2d 425).

*Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (70 SE2d 734), and *Brinson v. Kramer*, 72 Ga. App. 63 (33 SE2d 41), upon which the defendant relies, are distinguishable for the reason

that in those cases the appellate courts reviewed rulings on demurrers *prior* to trial and verdict. The opinion in *Kemp v. Central of Ga. R. Co.*, 122 Ga. 559 (50 SE 465), is distinguishable for the reason that there a nonsuit had been erroneously granted against the plaintiff, making a retrial necessary.

■ The plaintiff testified: He had observed in the evening that all of the tin was on the roof of his barn; a "devil duster or twister," like a small cyclone or tornado, came up during the night and the plaintiff's wife got up and closed the windows; the next morning one of the plaintiff's colts was lying next to the fence with a piece of "the tin" lying against it, and its neck was broken. The plaintiff described the "devil duster" as audible, "a force," not just an ordinary breeze but a windstorm, that stirs up dirt and sand. Six hundred feet from his barn he had a sand pit covering 12 to 15 acres, and he got a lot of dust and sand from it.

A horse trainer testified that he had seen a devil duster at the plaintiff's place and that such storms or anything that comes up unexpectedly, frightened the horses; when they get excited, especially when a wind storm or rain or hail comes up, the horses will come running to the barn and will sometimes run through the fence.

A meteorologist technician testified that records of tests made at the airport (about 10 miles from the plaintiff's property) on the night in question showed that before midnight the wind velocity was low; and between 12:30 and 5 a.m. there was no wind and no clouds; there was a fog. In his opinion based on these records there could have been no windstorm that night in a radius of 8 or 10 miles of the airport. There could have been a smaller type windstorm (other than a thunderstorm) as far away as the plaintiff's property without it being known at the airport. He could not swear there was no wind storm at the plaintiff's place that night. He stated that the phenomenon described by the plaintiff is caused by a little counter clockwise circulation of the wind. "We don't call them windstorms, we call them dust devils."

In a policy of insurance where "windstorm" is not defined the term means "a wind of sufficient violence to be capable of dam-

aging the insured property, either by its own unaided action, or by projecting some object against it." *Travelers Indem. Co. v. Wilkes County,* 102 Ga. App. 362, 363 (116 SE2d 314); *Stephens v. Cotton States Mut. Ins. Co.,* 104 Ga. App. 431 (121 SE2d 838); *Sun Ins. &c. Co. v. Guest Camera Store,* 108 Ga. App. 339 (132 SE2d 851).

The circumstantial evidence summarized above reasonably establishes the conclusion that the plaintiff's horse was killed as a direct result of a windstorm. When a reasonable mind may accept the circumstantial evidence presented as adequate to support a finding in favor of one of the parties on an issue of fact, a verdict based on such finding is authorized even though the evidence may also reasonably support a finding in favor of the other party on this issue of fact. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 182 (129 SE2d 408); *Pippin v. Mutual Life Ins. Co.,* 108 Ga. App. 741, 750 (134 SE2d 446). Hence the trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict and the general grounds of the defendant's motion for new trial.

■ A special ground of the defendant's motion for new trial contends that the verdict was excessive in including sums awarded as penalty and attorney's fees because the evidence did not authorize a finding that the defendant's refusal to pay the plaintiff's claim was in bad faith. "Where it appears from the evidence that the defendant's refusal to pay was justified on the basis of the facts appearing to the defendant at the time of the refusal, bad faith is not shown, . . . and if the evidence can be said to have authorized a finding in accordance with the contentions of the defendant, a finding of bad faith is not authorized." *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 747 (125 SE2d 709); *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, 602 (117 SE2d 239). The evidence on the trial of this case showed a factual dispute upon which the insurer's liability depended. The evidence would have authorized a finding in accordance with the contentions of the insurer. The plaintiff failed to show that, on the basis of facts appearing to the insurer at the time of its refusal to pay, the refusal was frivolous and unfounded, or in "bad faith." Accordingly, this special ground was sound and should have been sustained.

The verdict for $1,000 was authorized, and the judgment will, therefore, be affirmed on condition that the sums found by the jury as penalty and attorney's fees be written off. Otherwise, the judgment will be reversed. This decision makes it unnecessary to pass on the defendant's remaining special grounds.

*Judgment affirmed on condition. Nichols, P. J., and Russell, J., concur.*

ON DEFENDANT'S MOTION FOR REHEARING.

On motion for rehearing the defendant contends that *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, supra, which we followed in Division 2 of this opinion is contrary to older decisions of this court and decisions of the Georgia Supreme Court and should not be followed. In deciding the *McCarty* case we reviewed and thoroughly considered the precedents cited in the defendant's motion. The Georgia Supreme Court by a full bench denied a petition for certiorari in that case on May 14, 1963; and by a full bench denied a motion for reconsideration on May 29, 1963. The *McCarty* case was cited and followed by this court in *Pippin v. Mutual Life Ins. Co.*, 108 Ga. App. 741, 750, supra.

*Rehearing denied.*