### 24196. DAVIS v. GENERAL INSURANCE COMPANY OF AMERICA.

GRICE, Justice. Involved here is a suit upon a policy insuring against damage from windstorm. Following a mistrial the insurance company filed a motion for judgment notwithstand-

ing the mistrial, which was denied. The Court of Appeals reversed. We granted certiorari in order to review the holding of the Court of Appeals as to the proper definition of the term "windstorm" where no definition is provided in the policy, and also to review its holding as to the insufficiency of the evidence of any such windstorm. Upon re-examination of the record and study of the briefs, we have concluded that the Court of Appeals properly determined these issues.

Therefore, its judgment is

*Affirmed. All the Justices concur, except Duckworth, C. J., Nichols and Frankum, JJ., who dissent.*

ARGUED SEPTEMBER 11, 1967—DECIDED OCTOBER 5, 1967—REHEARING DENIED OCTOBER 20, 1967.

*Randall Evans, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, W. M. Fulcher,* for appellee.

NICHOLS, Justice, dissenting. The opinion of the Court of Appeals quotes the testimony of various witnesses, and a casual reading of the opinion would lead a reader to believe that there was no evidence to authorize a verdict for the plaintiff. However, an examination of all the testimony adduced upon the trial of the case shows that there was sufficient evidence, expert and otherwise, which made an issue for the jury's determination. There was evidence of extraordinary wind, which may or may not have measured up to the definition of "windstorm" as applied by the United States Weather Bureau. There was testimony by expert witnesses that the damage was caused by "wind." Where, as in the present case, the policy does not define "windstorm" it has been consistently held that the term "windstorm" is "a wind of sufficient violence to be capable of damaging the insured property, either by its own actions or by projecting some object against it." See special concurrence in *McClelland v. Northwestern Fire Ins. Co.,* 91 Ga. App. 640, 643 (86 SE2d 729) which was followed in *Travelers Indemnity Co. v. Wilkes County,* 102 Ga. App. 362 (116 SE2d 314) and *Stephens v. Cotton States Mut. Ins. Co.,* 104 Ga. App. 431 (121 SE2d 838).

With this definition of "windstorm" and the expert testimony

of wind being the efficient cause of the damages to the plaintiff's building it is inconceivable to the writer how the court could authorize the direction of a verdict against the plaintiff.

I am authorized to state that Chief Justice Duckworth and Justice Frankum concur in this dissent.